PABLO PIÑA
P.O. BOX 7500   D-4 102 (SHU).
CRESCENT CITY. CALIF 95531

   PRO-PER

FILED

RICHARD W. WIEKING,
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA.

SAN JOSE - DIVISION.
JUDGE JAMES WARE

**SI**

| | |
|---|---|
| Pablo Piña. | CV **07** N.D. case no **5675** |
| Petitioner. | STATE SUP. CT.- S152427 |
| | Petition for WRIT OF |
| vs. | Mandamus. |
| | Cal. Rules of Court 201 (A) |
| CALIFORNIA STATE SUPREME | C.C.P. § 1084. |
| COURT. Respondent. | |

TO THE NORTHERN DISTRICT COURT OF CALIFORNIA, SAN JOSE DIVISION, IN
AND FOR THE SANTA CLARA COUNTY DISTRICT.

Honorable Judge JAMES WARE Presiding Judge.

I, PABLO PIÑA D-28079 now PETITIONS THIS COURT FOR RELIEF BY WAY OF
WRIT OF Mandamus, directed TO THE DISTRICT COURT, and JUDGE WARE
COURT. FOR THE SAN JOSE DISTRICT, AND BY THIS VERIFIED PETITION REPRESENTS
THAT;

                    INTRODUCTION

1). PETITIONER a Prisoner incarcerated at Pelican Bay STATE Prison, in THE
County of Del Norte, California. 95531,

2). Petitioner's convictions were obtained By use of False and tainted evidence
and testimony.

3). The District attorney had in its Possession taped interviews and interrogations of its Trial witnesses. That it excluded from the Trial.

4). The District attorney Joyce allegro Dougherty and her supervisor District attorney allan nudleman (who was later arrested and convicted of Recieving stolen property and fired from The D.A.'s office). Both knew That their witnesses were lying under oath and neglected to correct it.

5). The Same tapes were given To Trial counsel who told Petitioner That They could not Be used in his Trial.

6). There was no Physical evidence That Petitioner was at The Crime Scene. Only The Prosecutions witnesses Placed him There.

7). The Prosecution used only The evidence That supported its Theory and its witnesses, and excluded The evidence that Contradicted it.

8). Petitioner is not asking this Court To review the entire case. only to grant relief Where relief is due.

9). Petitioner has exhausted all other legal procedures which By law should have granted relief in a normal habeas corpus writ. On July 17, 2007, Petitioner filed a habeas corpus writ in the california Supreme court asking That the court order The Superior court To provide The tapes That were kept from The Jury. so That he could use This evidence to support his petition for a new Trial. The california Supreme court denied this request. See exhibit __B__.

10). Petitioner now seeks relief By this court in The forum of writ of mandate.

11). Petitioner explained to the California supreme court that he has a right under the California constitution as well as the United States constitution to receive a fair trial, and, which also means being able to present all the evidence to the jury.

(2). Petitioner alleged that the state courts continued denial deprives him of his right to due process of law.

13). Petitioner has asked for an evidentiary hearing so that he could present all evidence to the court. So the court could weigh all evidence before denying relief. and it was denied.

(4). Petitioner has been asking for copies of his police reports, all of them, not just the doctored one. copies of all transcripts and the tapes. and filed a motion in 1991 requesting such. see exhibit _A_.

15). Petitioner filed his first habeas corpus writ in 1991 after being told by the court clerk that he must have proof that he was actually filing a writ before transcripts could be provided.

16). Then because the first Habeas corpus writ was filed in 1991. From then on the superior court refused to hear any other petitions, claiming they were untimely, successive, and procedurally barred. according to In re: clark. even though the petition was asking for material evidence. so an adequate writ could be written.

17). Petitioner pointed out to the California supreme court that California's timeliness procedural bar was not firmly established and regularly followed. Petitioner should be allowed to present new evidence. Petitioner has no other course in which to seek relief except through writ of mandate.

Date: 10/21/07

Respectfully submitted.

Pedro Pena
PRO PER

3

## Parties

1). I Pablo Piña D-28079, am the sole Petitioner in This action for Petition of writ of mandate.

I am currently incarcerated at Pelican Bay State Prison at Crescent City, California. 95531.

2). Respondent court. is The California supreme court as it is The last court to deny relief. and The highest State court.

## Jurisdiction

all Proceedings and legal actions mentioned herein have Been within The court's Jurisdiction, and The northern District of California. making venue proper.

as mentioned earlier in the introduction other writs have Been filed regarding these issues. But should Be excused due to State court's disregard of constitutional law.

I declare That the following is True and correct to The Best of my Knowledge and Belief.

Dated: 10/21/07.

Respectfully Submitted.

Pablo Piña

Pro· Per

## Factual Statement

1). Petitioner Pablo Piña was convicted in 1986 of first degree murder, use of a firearm and Burglary. For Verification see abstract of Judgement EXHIBIT __C__.

2). Since learning that the taped evidence could of been used, and that Trial attorney lied about it not being allowed.

3). Petitioner has been trying to get copies of them so he could present them to the court and would support his allegations.

4). Since 1991 petitioner began writing to his lawyer. who told him that he threw the files away years ago.

5). next wrote to the court clerk asking for copies of Transcripts, and police reports, expecting all evidence to be included. not knowing he had to ask for items in detail. as he is not a lawyer.

6). The court clerk denied his request for these items and told him that he must have proof of filing a habeas Petition before Transcripts could Be provided.

7). Petitioner next filed his first habeas corpus writ in 1991. as well as a motion for Transcripts, and also explained in the writ that he was filing a writ for ineffective assistance of counsel. Because his Trial attorney lied to him about using the tapes. The petition was denied.

8). Petitioner was sent to prison and was assigned an appellate lawyer named Joan nosse from the state public defenders' office. See exhibit __D__ her first letter to Petitioner. dated __10-27-86__.

9). Petitioner wrote to this attorney and told her that what he really feels is an issue, were the tapes that his Trial attorney refused to use at his Trial.

5

10). years later Petitioner wrote to ms. nosse to ask her for copies of his letters to her to use as exhibits that he has tried to locate the tapes diligently. and mostly that he had mentioned them to her. See exhibit __E__. dated 11-15-98.

11). The State Public defenders office did not respond to that letter. Ms. nosse was transferred to washington.

12). Petitioner wrote to the Public defenders office in Santa Clara county asking them for assistance because his trial attorney at first would not answer his letters, See exhibit __F__. dated 3-25-99.

13). Petitioner did not recieve any response to his requests. and finally wrote a letter to the Bar association complaining about his trial attorney not turning over the tapes and files. they must of got ahold of him because he wrote and said he had thrown it all away.

14). yes in between all of this petitioner has filed various motions, writs letters with the courts asking for the tapes. and other materials, figureing that the reason the court would not review his case or writ was because he could not provide evidence, the tapes. or the several police reports. which were slightly different from the one police used at court.

15). Petitioner arrived in the State prison in April 1986 and had with him one of the original police report copies. which mentioned the tapes and which supported Petitioners claims.

6

16). But while at The California medical facility at Vacaville, and in the administrative segregation unit. he was Transferred abruptly and his property was left Behind.

17). The legal material was lost or Thrown away By C.D.C. officials and Petitioner appealed. See exhibit ___G___ dated 1-25-90

18). The department of corrections claimed They had no records of any property. and The appeal was lost.

19). Petitioner signed a receipt for The property and knows there must Be a record of it some where. But what could we do.

20). That police report was almost as good as one of Those tapes because the officer that wrote it, gave quotes from what the witnesses originally said.

21). The Prosecutor's main witness "CRUZ" said That Petitioner was never there That night of The murder.

22). But at The preliminary hearing and at The trial swore that Petitioner was The one with a gun. and The assailant.

23). About This Time The newly implemented anti-Terrorist act of 1996 went into effect. the courts now could use This new law to completely disregard any further appeals.

24). But Petitioner had filed his first habeas corpus writ in 1991. Prior to the Inre: Clark, and Inre: Harris rulings regarding "timeliness", successive petitions, and piece meal writs. That were ruled on in 1993.

25). Those cases could not be used to prevent petitioner from seeking relief. As they were not in effect yet. nor even after words in 1994, 1995, 1996 and so on. was that state supreme court law firmly established and enforced.

26). Yet the superior courts and the state supreme court have refused to grant relief citing those cases.

27). Since his incarceration petitioner has gotten a little better at understanding the law, and filing petitions. But still is not as qualified as an attorney. nor does he have the resources that an attorney has.

28). More recent petitioner learned about the use of the freedom of information act, and the public records act. and it's use in locating documents.

29). In November 21st 2006, a request for public records act was sent to the District attorney's office, requesting access to the tapes and other evidence. See exhibit I dated 11-21-06.

30). The first letter was not responded to. And a second letter was sent on april 12th 07. again asking for the tapes and materials in his files. See exhibit J dated 4-12-07.

31). On January 2nd, or 3rd 07. Petitioner received a response from the District attorney's office denying his request for the evidence and materials. See exhibit K. dated 12-28-07.

32), The District attorney claims this evidence is exempt to the public, but Petitioner is not merely a citizen asking for documents, he is the defendant that this evidence was collected, used. and or not used to convict him. he has a right to this evidence. Petitioner wrote another letter to the district attorney asking if they are exempt in regards to the public records act. Then how can I obtain them. I was never given a response to this. See exhibit L dated 5-7-07.

33). Petitioner next wrote to the San Jose police department again asking for copies of the tapes under the public records act. See exhibit M. dated 11-21-06.

34). There was no response to the first letter so petitioner had to write a second letter. See exhibit N. dated 4-12-07.

35). a response from the San Jose, police department arrived on about the first week of January 07. The request was denied. See exhibit O. dated 1-31-07. Petitioner wrote a letter asking them how he could get access to the evidence he's looking for. see exhibit O. dated May 7th 07.

36). Petitioner next wrote to the state public defenders office and using the public records act request. asked for copies of the tapes, and the files they have regarding the appeal.

37). The state Public defenders office responded this time, and said they'd check the files. See exhibit _P_. dated 2-1-07.

38). Petitioner then received a second letter from the state Public defenders office see exhibit _P_. dated 2-15-07.

39). Petitioner filed a habeas corpus writ in the Santa Clara superior court in August of 2006. after reading a United States supreme court ruling that was similar to his case, which ruled in favor of the defendant to present newly discovered evidence, and evidence that the jury had never heard. The petition was denied. See exhibit _Q_ dated 9-22-07.

40). On April 15th 07, Petitioner filed a complaint with the "Commission on judicial Performance". explaining that judge Paul Bernal was disregarding the law that was both established by the state supreme court on the guidelines for ordering an (OSC) order to show cause. See exhibit _Q_ dated 4-15-07.

41). In February 07, Petitioner filed another habeas corpus writ after the District attorney and police department denied his request for the evidence they have which was kept from the jury. see exhibit _R_ dated 2/27/07.

42). The Superior court denied relief, after reading one of the police reports used at the trial. he decided that was sufficient enough to deny relief. But no mention was made about the tapes which were not shown to the jury. See exhibit _S_ dated 4-6-07.

43). Petitioner has the right under the U.S. constitution to have a fair trial and that includes presenting all evidence.

44). Petitioner then filed a habeas corpus writ with the sixth appellate court and explained that his petition was asking the superior court to order the production of evidence related to his arrest and the ultimate conviction. So that it can be used for the sole purpose of supporting his allegations of newly discovered evidence. The appellate court denied relief. See exhibit __T__ dated __6-22-07__.

45). Petitioner next filed a habeas corpus writ in the state supreme court asking the supreme court to review the appellates court denial of his petition while disregarding established laws and procedures governing the right to relief, the right to have an evidentiary hearing. The state supreme court denied the petition. See exhibit __U__. dated __9-12-07__.

46). Petitioner has been denied the right to a fair trial from the time of his conviction, first by the prosecution allowing its witnesses to commit perjury while under oath.
Then by keeping from the jury tapes which if the jury had heard, would of proven the witnesses were lying and that the prosecution knew and failed to correct it.

47). Petitioner is denied the right to present new evidence to the court that would require an evidentiary hearing and demand a new trial. It is a defendants right to have all the evidence heard, as was described by the United States supreme court in House V. Bell. 547 U.S. ___ 2006. The state courts have a duty to apply the law that takes precedent over state law. See appendix __A__. House V. Bell,

48). Petitioner is now asking that this court review the Petition for writ of mandate.

49). Petitioner has had a variety of Habeas petitions denied in the state courts, for just about every reason imagineable. But what they failed to do, was apply the law correctly.

50). If the Petitioner can not have access to the tapes and other evidence that they have in their possession, there is no way that he can be said to of had a fair trial. See declaration APPENDIX B dated 10/21/07.

51). Petitioner told his trial attorney to use the tapes at trial so the jury could listen to what the witnesses were originally saying. But he refused saying they would not be allowed in as evidence.

52). Trial counsel practically gave this conviction to the prosecution by not challenging their witnesses in any way, and instead went along with their theory of events leading up to the murder.

53). Petitioner told trial counsel he was with a girl on the other side of town, and told him where she lived all he had to do was go interview her. But more to the point all he had to do was use the tapes.

54). The Jury deadlocked twice, saying they were hopelessly deadlocked if they had those tapes Petitioner has no doubt he would of been acquitted.

I declare under penalty of perjury the above is true and correct.

Respectfully

Pablo Pena

pro-se

Dated: 10/21/07

12

## Grounds for relief

1). Petitioner has filed numerous requests for relief from the state courts. Asking by way of habeas writ for evidence that the prosecution had but did not use at trial.

2). Petitioner has always claimed that the tapes and other police reports were new evidence because it was never shown to the jury.

3). Petitioner has asked for the evidence so that it could be used to support his habeas petitions. and each time it was denied. at first because they didn't believe it existed.

4). Finally the District attorney has acknowledged it does but refuses to turn it over.

5). Petitioner has requested relief from ineffective assistance of counsel. and it was denied.

6). Petitioner has given enough factual allegations that would require an evidentiary hearing, and or an order to show cause. yet it was denied.

7). Petitioner has exhausted all state court remedies and now seeks relief from this court under writ of mandate. That the state courts be ordered to review the allegations in an evidentiary hearing. and if true. that a new trial be ordered.

I declare under penalty of perjury the above is true and correct.

Dated: 10/21/07.

Respectfully submitted

Pedro Pina

13

# Prayer for relief

1). Petitioner is without remedy except by way of writ for mandate, all other remedies through the legal system have been exhausted,
Infact more than once, the petition for mandate requires that it be the last resort in the legal system.

2). For that matter it is requested that this court grant the writ.

3). It is further requested that this court order an evidentiary hearing for the court to hear the tapes, and weigh their legality and substance.

4). It is also being requested that petitioner be given copies of the tapes and the files that the police and district attorney have regarding his conviction.

5). Petitioner asks that this court enforce the laws established by the United States Supreme Court. In House V. Bell U.S. 547. (2006). Holmes V. South Carolina. U.S. 547 (2006).

I declare under penalty of perjury the following is true and correct.

Date: 10/21/07 .

Respectfully
Pablo Tina
PRO-SE

14

Verification

I Pablo Piña am the Petitioner in this action. all facts alleged in the above action, not other wise supported by citations exhibits or other documents are true of my own personal knowledge.

I declare under Penalty of Perjury that the above is true and correct.

executed on date: 10/21/07.

Respectfully submitted.

Pablo Piña

PRO-SE.

MEMORANDUM OF POINTS
AND AUTHORITIES OF LAW

IN U.S. V. HILL, 48 F 3d 223 (7TH CIRC. 1995). THE SUPREME COURT SAID THAT
THE MORE RECENT A PRECEDENT, THE MORE AUTHORITIVE IT IS.

RECENTLY THE U.S. SUPREME COURT DECIDED HOUSE V. BELL, 547 U.S. ____ 2006.
A CASE WITH QUESTIONS AND ISSUES ALMOST IDENTICAL TO MINES, WHICH DEAL
WITH NEWLY DISCOVERED EVIDENCE, EVIDENCE THE PROSECUTION KEPT FROM
THE JURY.
THE COURT RULED THAT A JURY HAS A RIGHT TO HEAR ALL OF THE EVIDENCE THAT
THE PROSECUTION HAS REGARDING THE CASE, THE COMPLETE RECORD.
THE COURT ALSO WENT ON TO SAY THAT ANY EVIDENCE NOT HEARD, OR SEEN BY
THE JURY IS CONSIDERED NEWLY DISCOVERED. REGARDLESS IF IT IS EVIDENCE THAT
LEAN TOWARD GUILT, OR INNOCENCE, IF IT WASN'T PRESENTED TO THE JURY, THE
DEFENDANT HAS A RIGHT TO HAVE IT HEARD.
AND FINALLY, THE COURT CONCLUDED THAT IF SUCH A VIOLATION EXISTS, THAT ANY
PROCEDURAL DEFAULTS SHOULD BE SET ASIDE AND ALLOW THE PETITION TO PROCEED,
REGARDLESS OF THE DEFAULT.

PETITIONER HAS BEEN DEPRIVED THE RIGHT TO OBTAIN THE TAPED EVIDENCE THAT
THE PROSECUTION HAS WHICH WAS KEPT FROM THE JURY, AND CONTINUALLY
DENIED THE RIGHT TO PRESENT THIS AS NEWLY DISCOVERED EVIDENCE.

THE STATE COURTS REFUSED TO HEAR ANY HABEAS CORPUS WRITS DUE TO PROCEDURAL
DEFAULT. UNTIMELY FILED OR SUCCESSIVE WRITS.

EVEN THOUGH PETITIONER HAS EXPLAINED HIS REASONS FOR UNTIMELY PETITIONS
DUE TO NOT BEING ABLE TO OBTAIN THE EVIDENCE AND MATERIALS TO SUPPORT
HIS CLAIMS.

THE SUCCESSIVE PETITIONS FILED IN THE SUPERIOR COURT ARE EASILY EXPLAINED, PETITIONER KNOWS HE HAS A RIGHT TO THE EVIDENCE, AND A RIGHT TO FILE A PETITION TO CHALLENGE AN UNLAWFUL CONVICTION.

AND HAS TRIED EXPLAINING THAT TO THE COURTS, HOW CAN HE BE EXPECTED TO PRESENT AN ADEQUATE WRIT IF IT HAS NOTHING TO SUPPORT IT.

IN YET ANOTHER UNITED STATES SUPREME COURT, HOLMES V. SOUTH CAROLINA, 547 U.S. S.CT. 7272 (2006).

WHERE THE TRIAL COURT REFUSED TO ALLOW CERTAIN EVIDENCE TO BE PRESENTED AT TRIAL, THE SUPREME COURT SAID IT VIOLATED HOLMES RIGHT TO DUE PROCESS OF LAW, AND THAT THE JURY MUST HERE THE COMPLETE RECORD. ALL EVIDENCE RELATED TO THE ARREST.

THESE TWO CASES ARE NEW, THEY EXPLAIN IN DETAIL WHAT IS CONSIDERED NEW EVIDENCE AND HOW AND WHY IT MUST BE HEARD BY THE JURY. AND AS IN HOUSE'S CASE, HE WAS CONVICTED OVER TWENTY YEARS AGO. BUT THE COURT SAID HE STILL HAS A RIGHT TO HAVE THAT EVIDENCE HEARD. SEE HOUSE V. BELL SUPRA AT APPENDIX - A .

PETITIONER ASKS THIS COURT AS IT DID TO THE SUPERIOR COURT AND OTHER STATE COURTS. IF THIS IS A NEWLY DECIDED CASE BY THE HIGH COURT. THAT TRUMPS THEIR EARLIER RULINGS AND DENIALS OF HIS WRITS. WHY THEN ARE THEY REFUSING TO APPLY IT.

PETITIONER HAS A RIGHT TO THIS EVIDENCE, AND AS DESCRIBED IN HOUSE AND HOLMES CASES, ALSO HAS A RIGHT TO HAVE IT HEARD, BE IT IN AN EVIDENTIARY HEARING TO WEIGH ITS RELIABILITY. AND ITS EXISTENCE. AS PETITIONER FEELS THEY NEVER BELIEVED THAT IT DID.

THERE ARE SUBSTANTIAL CASES decided BY THE U.S. SUPREME COURT REGARDING EVIDENCE AND ITS NEED TO BE PRESENTED BEFORE A CRIMINAL DEFENDANT CAN BEGIN TO RECIEVE A FAIR TRIAL.

PETITIONER CITED A CASE TO THE STATE COURTS FROM THE 9TH CIRCUIT COURT OF APPEALS SPITSYN V. MOORE, 345 F.3d. 796 (9TH CIRC. 2003), IN THIS CASE SPITSYN'S ATTORNEY HAD ALL THE FILES PERTAINING TO THE CASE. PETITIONERS ONE YEAR TO FILE deadline HIS HABEAS CORPUS, HE ASKED FOR HIS FILES BACK SO THAT HE could FILE A HABEAS PETITION HIMSELF. BUT THE ATTORNEY WOULD NOT RESPOND TO HIS LETTERS NOR TO HIS MOTHERS PHONE CALLS.

THE 9TH CIRCUIT SAID THAT IT WOULD OF BEEN IMPOSSIBLE FOR THE PETITIONER TO PROPERLY PREPARE A HABEAS CORPUS WRIT WITHOUT HIS FILES. THE COURT EXCUSED THE LATE WRIT due TO THE ATTORNEYS MISCONDUCT OF WITHHOLDING THE FILES FOR THE duration OF THE TIME LIMITATION PERIOD.

IN PETITIONERS CASE THE FILES WERE NEVER TURNED OVER, AND STILL HAVE NOT BEEN TURNED OVER. AND AS EXPLAINED IN SPITSYN. PETITIONER HAS THE SAME RIGHT TO HIS FILES.

THE SUPERIOR COURT FOR THE COUNTY OF SANTA CLARA AND JUDGE PAUL BERNAL HAVE RULED THAT PETITIONER IS PROCEDURALLY BARRED FROM SEEKING RELIEF, due TO FILING PREVIOUS PETITIONS. THE FIRST BEING IN 1991,

BUT IN CALDERON V. U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, (SACRAMENTO) (C.A.9. (CAL.) 1996, 103 F.3d.72 (Blufford Hayes JR. REAL PARTY). THE WARDEN AND DIRECTOR FILED ACTION SEEKING WRIT OF MANDAMUS directing THE DISTRICT COURT TO GRANT THEIR MOTION FOR SUMMARY dismissal OF 32 CLAIMS IN AN INMATES HABEAS CORPUS ACTION AGAINST THEM. THE COURT OF APPEALS HELD THAT 1). CALIFORNIA'S TIMELINESS PROCEDURAL BAR WAS NOT

FIRMLY ESTABLISHED AND REGULARLY FOLLOWED AT TIME CLAIM SHOULD HAVE BEEN
RAISED IN FIRST STATE HABEAS PETITION AND COULD NOT SERVE AS GROUND TO
FORECLOSE FEDERAL HABEAS REVIEW. AND 2). CALIFORNIA PROCEDURAL BAR FOR
UNJUSTIFIABLE FAILURE TO RAISE ISSUES ON DIRECT APPEAL ALSO HAD NOT BEEN
APPLIED WITH SUFFICIENT CONSISTENCY BEFORE PETITIONER DIRECT APPEAL ENDED
AND THUS COULD NOT CONSTITUTE INDEPENDANT AND ADEQUATE STATE PROCEDURAL
BAR TO FEDERAL HABEAS RELIEF. THE PETITION WAS DENIED. . . . AND:

THE CALIFORNIA SUPREME COURT DENIED RELIEF. AND RELIED ON IN RE· CLARK 5 CAL.
 4TH 750 ,21 CALIF. RPTR. 2d 509, 855 P2d. 729 (1993). CLAIMING THAT HAYES PETITION
WAS UNTIMELY.
CLARK HELD THAT A PETITIONER MUST EXPLAIN AND JUSTIFY ANY SUBSTANTIAL DELAY IN
PRESENTING A CLAIM FOR HABEAS RELIEF.
HAYES FIRST STATE PETITION WAS DECIDED IN MAY 18TH 1989 LONG BEFORE CLARK WAS
DECIDED AND BEFORE THE POLICIES WERE ISSUED.
THE DISTRICT COURT HELD THAT BEFORE CLARK THE UNTIMELINESS BAR WAS NOT
CONSISTENTLY APPLIED. SO THAT IT COULD NOT BE APPLIED TO HAYES CASE AS AN
ADEQUATE AND INDEPENDENT STATE GROUND FOR DECISION.

THE CALIFORNIA SUPREME COURT DENIED OTHERS OF HAYES CLAIMS ON THE GROUNDS THAT
HE UNJUSTIFIABLY FAILED TO RAISE THEM ON DIRECT APPEAL CITING EX-PARTE DIXON, 41
CAL. 2d. 756 ,264 P.2d 513 (1953). WHICH REAFFIRMED ITS CONTINUED VITALITY AND
NARROWED THE AVAILABLE EXCEPTIONS TO THE RULE. THE DISTRICT COURT HELD THAT
THE DIXON BAR DID NOT CONSTITUTE AN INDEPENDENT AND ADEQUATE STATE
PROCEDURAL BAR BECAUSE IT WAS NOT CONSISTENTLY APPLIED BEFORE HARRIS WHICH
WAS DECIDED AFTER ALL PROCEEDINGS IN HAYES· DIRECT APPEAL HAD ENDED.

IN DECIDING WHETHER TO GRANT THE RARE WRIT OF MANDAMUS WE HAVE CONSISTENTLY
APPLIED THE CRITERIA ESTABLISHED BY BAUMAN V. U.S. DIST. CT., 557 F2d 650, 654, 655
(9TH CIRC. 1997).

INRE CEMENT ANTI TRUST LITIG. 688 F2d 1297, 1301, (9TH CIRC. 1982), AFF'd SUB-NOM...
ARIZONA V. U.S. DISTRICT COURT 459 U.S. 1191, 103 S CT. 1173, 75 LEd.2d 425 (1983). EXECUTIVE
SOFTWARE NORTH AM. V. U.S. DIST. CT. 24 F3d. 1545, 1551 (9TH CIRC. 1994).

IN CAlDERON V. U.S. DIST. CT. 96 F3d 1126 (9TH CIRC. 1996). WE POINTED OUT THAT THE CALIF-
ORNIA SUPREME COURT ACKNOWLEDGED IN CLARK THAT "NO CLEAR GUIDELINES REGARDING
DEPARTURE FROM THE HABEAS CORPUS RULES HAVE EMERGED IN OUR PAST CASES". Id. AT 1130,
ALTHOUGH THE STATE ARGUED IN CAlDERON AS IT ARGUES HERE, THAT CALIFORNIA COURTS
HAVE REGULARLY AND CONSISTENTLY APPLIED THE TIMELINESS PROCEDURAL BAR EVEN
BEFORE CLARK, THIS ARGUMENT WAS REJECTED. Id. (CITING MORALES V. CAlDERON, 85 F3d.
1387 (9TH CIRC.), FINDING NO DISCERNABLE PRE-CLARK TIMELINESS REQUIREMENTS). CERT.
DENIED, 519 U.S. 1001, 117 S CT. 520, 136 LEd.2d 391 (1996). BECAUSE PRE-CLARK TIMELINESS
REQUIREMENTS WERE NOT "CLEAR, CONSISTENTLY APPLIED, AND WELL ESTABLISHED", THE COURT
FOUND THAT THEY COULD NOT SERVE AS AN ADEQUATE AND INDEPENDENT STATE GROUND.
SUFFICIENT TO SUPPORT A PROCEDURAL DEFAULT. Id.

THE COURT FOUND THE CRITICAL TIME TO JUDGE HAYES' DEFAULT TO BE 1987 WHEN HE
FILED HIS FIRST STATE HABEAS CORPUS WRIT AND FAILED TO RAISE ALL OF HIS CLAIMS.

THE STATE ARGUES THAT HE DEFAULTED ON HIS CLAIMS IN 1994 WHEN HE FILED HIS 2nd
STATE PETITION; BOTH THE SUPREME COURT AND THE 9TH CIRCUIT PRECEDENT SUPPORT
THE DISTRICT COURT' POSITION AND WE CONCLUDE IT WAS NOT CLEARLY ERRONEOUS.

THE 9TH CIRCUIT HAS HELD THAT BEFORE THE DECISIONS OF INRE-CLARK (1993) 5 C4TH 750,
21 CR2d 509, AND INRE·HARRIS (1993) 5 C 4TH 813, 21 CR 2d 373. CALIFORNIA COURTS
INCONSISTENTLY APPLIED PROCEDURAL BARS AGAINST SUCCESSIVE STATE HABEAS WRITS.
FIELDS V. CAlDERON (9TH CIRC. 1997) 125 F3d 757., SIRIPONG V. CAlDERON (9TH CIRC.
1994). 35 F3d 1308, 1318,

ACCORDINGLY, THE 9TH CIRCUIT HAS RULED THAT FOR STATE HABEAS WRITS DENIED AS
SUCCESSIVE OR UNTIMELY BEFORE THAT DATE OF INRE·CLARK OR DENIED AS BEING
PROCEDURALLY DEFAULTED FOR FAILURE TO RAISE THE CLAIM ON APPEAL INRE: HARRIS,

THAT GROUND IS INADEQUATE TO SERVE AS A PROCEDURAL DEFAULT PRECLUDING FEDERAL HABEAS REVIEW.   MORALES V. CALDERON (9TH CIRC. 1996) F3d 1387 ; FIELDS V. CALDERON, SUPRA ; SIRIPONGS V. CALDERON , SUPRA . 35 F3d 1308 , 1321.

THE 9TH CIRCUIT HAS NOW EXTENDED THAT CONCLUSION TO CALIFORNIA APPLICATION OF PROCEDURAL BARS BEFORE THE CALIFORNIA SUPREME COURT DECISION IN IN RE ROBBINS (1998) 18 C 4TH 770 , 77. CR 2d 153 , LACROSSE V. KERNAN, (9TH CIRC. 2001) 244 F3d 702 . . PARK V. CALIF. (9TH CIRC. 2000) 202 F3d 1146 , 1152 , ACCORDINGLY IF A CLAIM WAS DENIED BY CALIFORNIA COURTS PRIOR TO THE ROBBINS DECISION IN 1998 ON UNTIMELINESS GROUNDS OR ON THE GROUNDS THAT THE CLAIM COULD HAVE BEEN BUT WAS NOT RAISED ON DIRECT APPEAL , THE CLAIM HAS BEEN EXHAUSTED AND NOT PROCEDURALLY DEFAULTED.

PETITIONER' CASE WAS FINALIZED IN 1989 - 1990 . AND HE FILED HIS FIRST HABEAS CORPUS WRIT IN 1991 ASKING THE COURTS FOR THE EVIDENCE THAT THE PROSECUTION HAD THAT WAS NOT PRESENTED TO THE JURY , AS WELL AS TRANSCRIPTS , POLICE REPORTS TO HELP HIM PREPARE AN ADEQUATE WRIT; ON INEFFECTIVE ASSISTANCE OF COUNSEL. THE WRIT WAS DENIED ON PROCEDURAL GROUNDS . UNTIMELINESS.

PETITIONER FILED A 2ND WRIT IN 1984 ASKING TO HAVE HIS PRIORS STRICKEN AND THE ELEVEN YEARS OF ENHANCEMENTS. THIS WRIT WAS ALSO DENIED ON GROUNDS THAT HE SHOULD OF RAISED THIS ON DIRECT APPEAL , AND FILING PIECE MEAL PETITIONS . THESE WERE ALL FILED IN THE SUPERIOR COURT OF SANTA CLARA COUNTY.

IN EVERY WRIT FILED FROM 1991 TO THE PRESENT, PETITIONER HAS REQUESTED THAT THE EVIDENCE BE TURNED OVER TO HIM , IN PARTICULAR THE TAPED EVIDENCE. SO IT COULD BE USED AS NEW EVIDENCE.

WHILE IT MAY BE TRUE THAT PETITIONER FILED HABEAS CORPUS WRITS AFTER THE ENACTMENT OF THE (AEDPA) ACT OF 1996.

HE did SO REQUESTING THE SUPERIOR COURT TO Hold AN EVIDENTIARY HEARING, OR
AT THE LEAST TO ORDER AN (OSC) AN ORDER TO SHOW CAUSE.

PETITIONER HAS SHOWN THAT THERE WAS SUFFICIENT GROUNDS ESTABLISHED
IN HIS ALLEGATIONS WHICH REQUIRE AN ORDER TO SHOW CAUSE, SEE PEOPLE V.
DUVALL. 37 CAL. RPTR 2d.259, 9 CAL. 4TH 464 (CAL. 1995). WHERE THE STATE SUPREME
COURT GAVE A THOROUGH GUIDELINE ON HOW THE COURTS SHOULD EVALUATE AND
DETERMINE IF A DEFENDANT HAS ALLEGED SUFFICIENT FACTS TO WARRANT AN
ORDER TO SHOW CAUSE.


PETITIONER NOW SEEKS RELIEF FROM THIS COURT THROUGH APPLICATION FOR A WRIT
OF MANDAMUS. " THE TRADITIONAL USE OF THE WRIT IN Aid OF APPELLATE JURISDICTION
BOTH AT COMMON LAW AND IN THE FEDERAL COURTS HAS BEEN TO CONFINE AN
INFERIOR COURT TO A LAWFUL EXERCISE OF ITS PRESCRIBED JURISDICTION OR TO
COMPELL IT TO EXERCISE ITS AUTHORITY WHEN IT IS ITS duty TO do SO," ROCHE
V. EVAPORATED MILK ASSN., 319 U.S. 21, 26 (1943). SEE AISO WILL V. CALVERT FIRE
INS.CO., 426 U.S. 394, 402 (1976); WILL V. UNITED STATES, 389 U.S. 90, 95 (1976),
SUPRA AT 95 WE HAVE REQUIRED THAT PETITIONERS DEMONSTRATE A "CLEAR ABUSE
OF DISCRETION", BANKERS LIFE & CASUALTY CO. V. HOLLAND,346 U.S. 379,383 (1953),
OR CONDUCT AMOUNTING TO " USURPATION OF THE JUDICIAL POWER", DE BEERS
CONSOLIDATED MINES, LTD. V. UNITED STATES, 325 U.S. 212,217 (1945), TO BE ENTITLED
TO ISSUANCE OF THE WRIT, TO ENSURE THAT MANDAMUS REMAINS AN EXTROARDINARY
REMEDY, PETITIONERS MUST SHOW THAT THEY LACK AdEQUATE ALTERNATIVE MEANS
TO OBTAIN THE RELIEF THEY SEEK, SEE, E.G. KERR, SUPRA, AT 403; ALLIED
CHEMICAL CORP., SUPRA, AT 35 - - ARE NOT PRESENT HERE. THE DISTRICT COURT JUDGE
WAS NEVER MADE A PARTY TO THIS ACTION.

PETITIONER PIÑA discHARGEd HIS BURDEN OF PROVING THAT HE WAS ENTITLED TO
A WRIT OF MANDAMUS, AND THE CALIFORNIA SUPREME COURT ERRED WHEN IT
deNIEd RELIEF AND disREGARDEd PRECEdENT CASE LAW FROM THE U.S.SUPREME COURT.

22

THE STATE SUPREME COURT HAS VIOLATED PETITIONERS CALIFORNIA CONSTITUTIONAL RIGHTS, AS WELL AS HIS SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION,
WHICH GUARANTEES THAT HE WILL RECIEVE A FAIR TRIAL AND INCLUDES THE RIGHT TO APPEAL HIS CONVICTIONS.

PETITIONER HAS ALREADY EXHAUSTED ALL STATE, LOCAL REMEDIES AVAILABLE TO HIM. AND HAS CITED THE MOST RECENT CASE LAW WHICH IS CONSIDERED ESTABLISHED LAW BY THE U.S. SUPREME COURT,
YET THE STATE SUPREME COURT REFUSED TO APPLY IT TO PETITIONERS HABEAS CORPUS PETITION,

## CONCLUSION

FOR THAT REASON PETITIONER NOW ASKS THIS COURT TO GRANT THE RELIEF BEING REQUESTED. AND ANY OTHER RELIEF THAT THE COURT DEEMS IS RELEVANT AND NECESSARY TO REACH THE ENDS OF JUSTICE. SEE HOUSE V. BELL, SUPRA (2006). FOR A CLEAR UNDERSTANDING OF CURRENT LAW AT APPENDIX-A.

THE EXTROARDINARY WRIT OF MANDAMUS WAS INTENDED FOR JUST THIS TYPE OF ISSUE, WHEN A LOWER COURT REFUSES TO APPLY THE LAW CORRECTLY, AND MUST DIRECT THE STATE SUPREME COURT TO ENFORCE THE RULINGS FROM THE U.S. SUPREME COURT, OR THE DENIAL OF A CONSTITUTIONAL RIGHT WILL CONTINUE TO VIOLATE DUE PROCESS,
MANDAMUS IS AN EXTROADINARY REMEDY WHICH IS AWARDED, NOT AS A MATTER OF RIGHT, BUT IN THE EXERCISE OF SOUND JUDICIAL DISCRETION. DUNCAN TOWNSITE CO. V. LANE, 245 U.S. 308, 311-12, 62 LED. 309, 38 S.CT. 99 (1917).; BEACON THEATRES, INC. V. WESTOVER, 359 U.S. 500, 511, 3 LEd.2d 988, 79 S.CT. 948 (1959). "WHATEVER DIFFERENCES OF OPINION THERE MAY BE IN OTHER CASES. WE THINK THE RIGHT TO GRANT MANDAMUS TO REQUIRE JURY TRIAL WHERE IT HAS BEEN IMPROPERLY DENIED IS SETTLED"

RESPECTFULLY SUBMITTED.

Pablo Luna

PRO-SE

DATED: 10/21/07.

23

———— EXHIBITS ————

EXHIBIT—A

1  PABLO PIÑA D-28079

2  P.O. BOX 7500

3  CRESCENT CITY, CALIF    95532

4

5

6  , IN PRO PER

7

8              SUPERIOR COURT OF CALIFORNIA

9              IN AND FOR THE COUNTY OF

10             SANTA CLARA.,

11

12  _____
                            )
13  MR. PABLO PIÑA          )
                            )
14       PETITIONER         )          MOTION FOR TRANSCRIPTS
                            )
15                          )          CASE #
                            )                 93070
16                          )
                            )
17  PEOPLE OF THE STATE OF CALIFORNIA)

18       RESPONDENT

19

20  TO:  THE HONORABLE JUSTICE (S), IN AND FOR THE ABOVE

21  ENTITLED COURT.

22       COMES NOW, PABLO PIÑA    THE DEFENDANT AND

23  PETITIONER IN THE ABOVE NAMED CAUSE, UPON HIS OWN BEHALF

24  WITHOUT THE AID OF LEGAL COUNSEL, BECAUSE OF HIS INDIGENCE,

25  AND RESPECTFULLY PRAYS THAT THE HONORABLE COURT OF

26  SANTA CLARA COUNTY WILL GRANT SAID PETITION ORDERING THAT

27  DEFENDANT/PETITIONER BE FURNISHED WITH A TRUE, CORRECT AND

PAPER
CALIFORNIA
( REV. 6-721

COPY

1   COMPLETE AND CERTIFIED COPY OF <u>REPORTER'S TRANSCRIPTS</u>, <u>CLERK'S</u>

2   <u>TRANSCRIPTS</u> AND JUDGEMENT ROLL: FROM THE TIME OF PETITIONER

3   ARREST THROUGH THE CONVICTION IN THE CASE ̶N̶U̶M̶B̶E̶R̶

4   OF SAID COUNTY.                                    93070

5       THE RECORD'S ARE LEGAL DOCUMENT'S AND ASSERTED PROOF EXISTING

6   ERROR IN FACT AND IN LAW: UPON WHICH THE PRESENT CONVICTION

7   AND CONFINEMENT OF DEFENDANT REST. WITHOUT SAID DOCUMENT'S

8   AND TRANSCRIPTS THE JUDICIAL REVIEW IN DEFENDANT'S HABEAS

9   CORPUS PROCEEDING'S WOULD RESULT IN WRONGFUL AND PREJUDICIAL

10  ERROR BY REVIEWING TRIBUNAL, THERE-BY DEPRIVING THE DEFENDANT

11  OF HIS RIGHT'S, AS GUARANTEED UNDER THE 14TH AMENDMENT TO THE

12  CONSTITUTION OF THE UNITED STATES OF AMERICA.

13  DEFENDANT/PETITIONER HEREIN SUBMIT'S THAT HE IS INDIGENT,

14  AND IS UNABLE TO OBTAIN THE COST'S, FEE'S, OR ASSESSMENTS WITH

15  WHICH TO PURCHASE AFOREMENTIONED DOCUMENT'S, RECORDS, AND

16  TRANSCRIPT'S. PETITIONER'S <u>AFFIDAVIT IN FORMA PAUPERIS</u> ACCOMPANIES

17  THE INSTANT MOTION.

18

19                          AUTHORITY

20      UPON A WRIT OF HABEAS CORPUS, THERE IS NO PROVISION FOR

21  APPOINTMENT OF COUNSEL AFFORDING ADEQUATE AND EFFECTIVE APPELLATE

22  REVIEW TO AN INDIGENT PERSON, PROCEEDING IN PROPRIA PERSONA,

23  THE HONORABLE COURT DOES HAVE THE OBLIGATION TO FURNISH A COMP-

24  LETE RECORD TO THE DEFENDANT.

25  THE CONCERN FOR THE RIGHT OF INDIGENTS WITHIN THE STATE OF CALIF-

26  ORNIA IS REVEALED IN <u>PEOPLE V. HADE</u>, 51 CAL. 2d 152. IT IS APPARENT

27  THAT DENIAL OF RECORDS WOULD BE TO DISCRIMINATE AGAINST THE

'ER
.IFORNIA
EV. 6-721

1    INDIGENT PETITIONER. IN THE CASE OF GRIFFIN V. ILLINOIS, 351 U.S. 12 (1956)

2    THE SUPREME COURT HELD THAT A STATE WITH AN APPELLATE SYSTEM

3    WHICH MADE AVAILABLE TRANSCRIPTS TO THOSE WHO COULD AFFORD

4    THEM, WAS CONSTITUTIONALLY REQUIRED TO PROVIDE THE MEANS OF

5    AFFORDING THE SAME TO THOSE WHO CANNOT.

6    IN SMITH V. BENNETT, 365 U.S. 708, THE HIGH COURT MADE CLEAR THAT THESE

7    PRINCIPAL'S WERE NOT TO BE LIMITED TO DIRECT APPEAL'S FROM CRIMIN

8    AL CONVICTION'S, BUT EXTENDED ALIKE TO OTHER STATE POST-

9    CONVICTION PROCEEDING'S, (HABEAS CORPUS REVIEW IN THE INSTANT CASE)

10

11

12                          CONCLUSION

13    WHEREFORE, PETITIONER PRAY'S THIS HONORABLE COURT WILL

14    COMPEL THE CLERK OF THE MUNICIPAL COURT OF SANTA CLARA CO.

15    TO PREPARE RECORD'S AND TRANSCRIPTS OF CRIMINAL CASE

16    NUMBER 90070 ........ TO BE FORWARDED TO DEFENDANT.

17

18                          VERIFICATION

19    I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE

20    AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

21    DATED: 2-1-91

22                              S/ Pablo Ping
                               PETITIONER    PRO PER

EXHIBIT - B

MC–275

Name   PABLO PIÑA

Address   P.O. BOX 7500

CRESCENT CITY, CALIF  95531

CDC or ID Number   D-28079

SUPREME COURT
STATE OF California.
(Court)

PABLO PIÑA
Petitioner
                    vs.

ON HABEAS CORPUS.
Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. _____
        *(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California      **PETITION FOR WRIT OF HABEAS CORPUS**      Penal Code, § 1473 et seq.;

MC-275

This petition concerns:

☒ A conviction                    ☐ Parole

☐ A sentence                     ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☐ Other (specify): THE DENIAL BY DISTRICT ATTY. AND POLICE TO TURN OVER EVIDENCE

1. Your name:  PABLO PIÑA

2. Where are you incarcerated?  PELICAN BAY STATE PRISON  AT CRESCENT CITY, CALIF  95531

3. Why are you in custody?  ☒ Criminal Conviction   ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   MURDER 1ST DEGREE. USE OF FIREARM

b. Penal or other code sections:  P.C.  187

c. Name and location of sentencing or committing court:  SANTA CLARA CO. SUPERIOR COURT

d. Case number:  93070

e. Date convicted or committed:  1984 - ARREST

f. Date sentenced:  1986 - APRIL   SEE ABSTRACT OF JUDGEMENT ENCLOSED.

g. Length of sentence:  38 YRS. TO LIFE

h. When do you expect to be released?  LIFER.

i. Were you represented by counsel in the trial court?  ☒ Yes.   ☐ No. If yes, state the attorney's name and address:

   TONY CHRISTENSEN. AND IS CAUSE OF THIS PETITION.

4. What was the LAST plea you entered? *(check one)*

☒ Not guilty   ☐ Guilty   ☐ Nolo Contendere   ☐ Other:

5. If you pleaded not guilty, what kind of trial did you have?

☒ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

MC–275

6.  GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, ·use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

THE PROSECUTION WITHHELD TAPED EVIDENCE FROM THE JURY. EVIDENCE WHICH WOULD
PROVE THAT WITNESSES WERE LYING AND GAVE FALSE TESTIMONY. PETITIONER IS
NOW ASKING FOR COPIES OF THOSE TAPES AND ALL EVIDENCE IN THEIR FILES THAT
PERTAINTO THIS CASE. PETITIONER HAS A RIGHT TO HAVE THIS EVIDENCE HEARD BY A
JURY. AS NEWLY discovered EVIDENCE.

a.  Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

( SEE ATTACHED )
  PETITION

b.  Supporting cases, rules, or other authority (optional):

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

( SEE ATTACHED
  MEMORANDUM OF LAW )

7. **Ground 2 or Ground** _____ *(if applicable):*     MC–275

a. Supporting facts:

b. Supporting cases, rules, or other authority:

MC–275

8. Did you appeal from the conviction, sentence, or commitment?  [X] Yes.  ☐ No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

SIXTH APPELLATE CT.

b. Result _____DENIED._____    c. Date of decision: ____UNK.____

d. Case number or citation of opinion, if known: ____N/A____

e. Issues raised: (1) ___THE ISSUES RAISED IN DIRECT APPEAL WERE IRRELEVANT, And

(2) ___NOT THE ISSUES WHICH I WANTED TO APPEAL, THAT WERE TRIAL ATTY.

(3) INEFFECTIVENESS.

f. Were you represented by counsel on appeal? [X] Yes. ☐ No. If yes, state the attorney's name, and address, if known:

DIAN NOSSE / AND SOMEONE ELSE.

9. Did you seek review in the California Supreme Court? ☐ Yes [X] No. If yes, give the following information:

a. Result _____    b. Date of decision: _____

c. Case number or citation of opinion, if known: _____

d. Issues raised: (1) _____

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

THE EVIDENCE I'M NOW ASKING FOR TO PRESENT TO A COURT AND JURY WERE KEPT FROM

MY ORIGINAL TRIAL. THE ATTY. SAID THESE TAPES WOULD NOT BE ALLOWED IN TRIAL. EVEN THOUGH
THEY IMPEACHED ALL THE DOT. ATTY'S WITNESSES.

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

N/A

b. Did you seek the highest level of administrative review available? ☐ Yes. ☐ No. N/A

Attach documents that show you have exhausted your administrative remedies.

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.    **MC–275**

13. a. (1) Name of court: ___SUPERIOR COURT SANTA CLARA COUNTY___

    (2) Nature of proceeding (for example, "habeas corpus petition"): ___HABEAS CORPUS PETITIONS.___

    (3) Issues raised: (a) ___ASKING THE COURT TO MAKE AVAILABLE EVIDENCE KERT FROM JURY.___

    (b) ___INEFFECTIVE ASSIST. OF COUNSEL.___

    (4) Result (Attach order or explain why unavailable): ___DENIED.___

    (5) Date of decision: ___MOST RECENT 2006 - 2007___

    b. (1) Name of court: ___SANTA CLARA COUNTY SUPERIOR COURT.___

    (2) Nature of proceeding: ___HABEAS CORPUS.___

    (3) Issues raised: (a) ___SAME AS ABOVE.___

    (b) ___SAME AS ABOVE___

    (4) Result (Attach order or explain why unavailable): ___DENIED.___

    (5) Date of decision: ___APRIL 2007___

    c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
    ___NONE___

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
    ___IT WAS EXPLAINED TO THE COURT THAT TRIAL COUNSEL SAID IT COULDN'T BE USED, SO YEARS LATER WHILE IN PRISON I LEARNED IT COULD HAVE, AND SHOULD HAVE BEEN INTRODUCED AT TRIAL, AND I HAVE BEEN ASKING FOR THIS EVIDENCE SINCE 1991.___

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
    ___THIS IS THE PROPER JURISDICTION AND VENUE.___

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: ___7/16/07___                                ▶                _(signature)_
                                                                    (SIGNATURE OF PETITIONER)

EXHIBIT-C

SUPERIOR COURT OF CALIFORNIA · COUNTY OF SANTA CLARA

COURT I.D.

4 187

BRANCH CRIMINAL COURT #5

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA versus | ☒ PRESENT |
| DEFENDANT PABLO PIÑA | ☐ NOT PRESENT |
| AKA: | |

CASE NUMBER(S)

93070 -A

FILMED

REPORT TO JUDICIAL COUNCIL OF: ☒ INDETERMINATE SENTENCE TO STATE PRISON ☐ SENTENCE OTHER THAN STATE PRISON

-D
-E

| DATE OF HEARING (MO) (DAY) (YR) 3 17 86 | DEPT. NO. 5 | JUDGE HON. PAUL R. TEILH | CLERK J. D. MEDINA |
|---|---|---|---|
| REPORTER M. R. PRIBBLE | COUNSEL FOR PEOPLE J. DOUGHERTY | COUNSEL FOR DEFENDANT N. CHRISTIANSEN | PROBATION NO. OR PROBATION OFFICER NONE |

1. Defendant was convicted of the commission of the following felonies:

A. ☐ Additional counts are listed on attachment _____

ENHANCEMENTS (CHARGED AND FOUND)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO. | DAY | YEAR | CONVICTION BY | | | 654 STAY | 12022(A) | 12022(B) | 12022.5(A) | 12022.5 | 12022.6(A) | 12022.6(B) | 12022.7 | 12022.8 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | JURY TRIAL | COURT TRIAL | PLEA | | | | | | | | | |
| 1 | PC | 187* | 1st Deg. Murder | 84 | 3 | 17 | 86 | X | | | | | | | | | | X | |

2. A. Number of prior prison terms charged and found

| SECTION | NUMBER |
|---|---|
| 667/1192.7 PC | 2 |
| 667.5(b) | 1 |
| 667.6(b) | |

B. Number of prior felony convictions

| SECTION | NUMBER |
|---|---|
| 667.6(a) | |

3. ☐ Defendant was sentenced to death on counts _____ , _____ , _____ , _____ , _____

4. ☐ Defendant was sentenced to State Prison:

A. ☒ For life, or a term such as 15 or 25 years to life, with possibility of parole, on counts 1 , _____ , _____ , _____ , _____

B. ☐ For life without the possibility of parole on counts _____ , _____ , _____ , _____

C. ☐ For other term prescribed by law on counts _____ , _____ , _____ , _____

5. ☐ Counts _____ , _____ , _____ , _____ , were deemed misdemeanors.

A. ☐ Defendant sentenced to _____ days in county jail for all counts.
NUMBER

B. ☐ Defendant fined in sum of $ _____

6. ☐ For counts _____ , _____ , _____ , _____ , the defendant was placed on probation for _____ years.

A. (1) ☐ Sentence pronounced and execution of sentence was suspended; or

(2) ☐ Imposition of sentence was suspended.

B. Conditions of probation included ☐ Jail Time _____ days ☐ Fine _____

7. Other dispositions **Defendant pay a restitution-fine of $100.00**

A. ☐ Defendant was committed to California Youth Authority.

B. ☐ Proceedings suspended, and defendant was committed to California Rehabilitation Center.

C. ☐ Proceedings suspended, and defendant was committed as a Mentally Disordered Sex Offender.

D. ☐ Proceedings suspended, and defendant was committed as mentally incompetent.

E. ☐ Other (Specify) _____

Probation ☒ Formal ☐ Summary is ☒ Denied ☐ Granted for _____ years ☒ Defendant notified of appeal rights by the Court

☐ Defendant committed to CYA ☐ Fine of $ _____ Penalty $ _____ ☐ Work furlough recommended ☐ Not eligible County parole

☐ Restitution ☐ Counseling ☐ Submit to search/testing ☐ Other _____

☒ Confined for _____ with credit for time served of 1,165 days ☐ Sentence stayed to _____  ☐ Employ or Training

Including: ACTUAL-777 + 4019 PC-388 days

Criminal proceedings having been previously suspended, ☐ Matter stipulated submitted on receipt of reports of doctors _____

The Court finds defendant ☐ a narcotic addict ☐ in imminent danger of becoming an addict ☐ insane ☐ incompetent

Defendant is committed to ☐ California Rehabilitation Center under ☐ 3050 W&I Code ☐ 3051 W&I Code

☐ _____ State Hospital ☐ 1370 PC ☐ 1026 PC

The Court determines that defendant ☐ has ☐ does not have ability to reimburse County for Court appointed counsel in sum of $ _____

On motion of ☐ People ☐ Defendant ☐ Court _____

ABSTRACT OF JUDGMENT — COMMITMENT
**SINGLE OR CONCURRENT COUNT FORM**
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

FORM DSL 290.1

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SANTA CLARA**
BRANCH **CRIMINAL COURTROOM FIVE**

COURT I.D. 4 3

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: **PABLO PINA**
AKA:

[X] PRESENT  [ ] NOT PRESENT

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT
[ ] AMENDED ABSTRACT

CASE NUMBER **93070**

| DATE OF HEARING (MO)(DAY)(YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 4 7 86 | 5 | HON. PAUL R. TEILH | J. D. MEDINA |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| M. R. PRIBBLE | J. DOUGHERTY | N. CHRISTIANSEN | NONE |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY:

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTION BY JURY TRIAL | COURT TRIAL | PLEA | TERM (L,M,U) | TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | PC | 459* | Burglary-1st Degree | 84 | 3 | 17 | 86 | X | - | | U | (6 | 0) |

2. ENHANCEMENTS (CHARGED AND FOUND, STRICKEN, TIME IMPOSED)

| COUNT | 12022(a) C/F S I | 12022(b) C/F S I | 12021.1(a) C/F S I | 12022.3(b) C/F S I | 12022.5 C/F S I | 12022.6(a) C/F S I | 12022.6(b) C/F S I | 12022.7 C/F S I | 12022.8 C/F S I | TIME |
|---|---|---|---|---|---|---|---|---|---|---|
| 2 | | | | | | 1 1 | | | | (20) |

3. OTHER ORDERS: Sentence stayed pursuant to Section 654 P.C.

4. A. NUMBER OF PRIOR PRISON TERMS:

| § | C/F | S | I |
|---|---|---|---|
| 667.5(a) | | | |
| 667.5(b) | | | |
| 667.6(b) | | | |

B. NUMBER OF PRIOR FELONY CONVICTIONS:

| § | C/F | S | I |
|---|---|---|---|
| 667.6(a) | | | |

5. TIME STAYED § 1170.1(f) [DOUBLE BASE LIMIT]:

6. TOTAL TERM IMPOSED: ➤ (8 0)

7. [ ] THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S).

8. EXECUTION OF SENTENCE IMPOSED:
A. [X] AT INITIAL SENTENCING HEARING | B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL | C. [ ] AFTER REVOCATION OF PROBATION | D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC §1170(d))

9. DATE SENTENCE PRONOUNCED:
| MO | DAY | YEAR | CREDIT FOR TOTAL DAYS TIME SPENT IN CUSTODY: | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDIT | STATE INSTITUTIONS |
|---|---|---|---|---|---|---|
| 4 | 7 | 86 | 1,165 INCLUDING: | 777 | 388 | [ ] DMH  [ ] CDC |

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

[X] FORTHWITH
[ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

[ ] CALIF. INSTITUTION FOR WOMEN — FRONTERA
[ ] OTHER (SPECIFY):

[ ] CALIF. MEDICAL FACILITY — VACAVILLE
[ ] CALIF. INSTITUTION MEN — CHINO

CLERK OF SUPERIOR COURT

*I hereby certify the foregoing to be a correct abstract of the judgment made in this action.*

DEPUTY'S SIGNATURE: J. D. Medina

DATE 10-30-86

This form is prescribed pursuant to Penal Code §1213.5 to satisfy the requirements of Penal Code §1213 (Abstract of Judgment) and Commitment for determining sentences under Penal Code §1170. A copy of probation report shall accompany the Department of Corrections' copy of this form pursuant to Penal Code §1203. A copy of the sentencing proceedings and any supplementary probation report shall be sent to the Department of Corrections pursuant to Penal Code §1203.01. Attachments may be used but must be incorporated by reference.

Form Adopted by the
Judicial Council of California
Effective July 1, 1981

ABSTRACT OF JUDGMENT — COMMITMENT
SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions or Consecutive Sentences)
FORM DSL 290.1

Pen. C. 12'

EXHIBIT - D

STATE OF CALIFORNIA

**OFFICE OF THE STATE PUBLIC DEFENDER**
1390 MARKET STREET, SUITE 425
SAN FRANCISCO, CA  94102
(415) 557-1600



October 27, 1986

Pablo Pina
D-28079
San Quentin State Prison
San Quentin, CA  94964

            Re:  People v. Pina
                 No. H001869

Dear Mr. Pina:

        I am the attorney who will be handling your appeal.

        We have received the record on appeal and have
reviewed the transcripts.  We will have ⸻⸻⸻ days from the
filing of any augmentation ordered in which to file our
⸻ ⸻ ⸻ ⸻ ⸻ ⸻ talked twice to your trial attorney,
Mr. Tony Christensen.

        I would be very interested to learn of any issues
which you feel should be raised on appeal.  Also, if anything
unusual happened during any of the proceedings, particularly
something that might not be reflected in the record, please
let me know.  After I have all possible issues before me, I
can then do the necessary legal research to determine which
ones can best be raised to your advantage on appeal.

        If you have any questions or comments, please write.

                        Very truly yours,

                        Joan Y. Nosse

                        JOAN Y. NOSSE
                        Deputy State Public Defender

JYN:jlg

EXHIBIT- 6

EXHIBIT-E



OFFICE OF STATE PUBLIC DEFENDER.
1390 MARKET STREET    SUITE 425
SAN FRANCISCO, CALIF  94102

NOVEMBER 15TH 98

DEAR SIR,
   I'M WRITING IN REGARDS TO AN ATTORNEY WHO WAS ASSIGNED TO REPRESENT ME DURING MY APPEAL OF A CONVICTION FROM SANTA CLARA COUNTY, PEOPLE V. PIÑA  NO - H001369  THE ATTORNEY WAS MS. JOAN Y. NOSSE  WHO WAS LATER TRANSFERRED AND ANOTHER ATTORNEY WAS ASSIGNED TO APPEAL MY CONVICTION. WHAT I'M ASKING FOR IS  THE COPIES OF ALL COMMUNICATION AND NOTES, LETTERS THAT WERE EXCHANGED BY MYSELF AND MS. NOSSE AND THE NEW ATTY. WHO TOOK HER CASE LOAD AFTER SHE LEFT.
   I'M SPECIFICALLY LOOKING FOR A LETTER I WROTE TO HER ⟶ EXPLAINING ABOUT THE TAPE RECORDINGS  THAT THE POLICE TOOK WHILE INTERROGATING  TWO/THREE WITNESSES AND ASKED MS. NOSSE IF SHE HAD LISTENED TO THEM, WHERE THE MAIN WITNESSES / ACCOMPLICES IN MY CASE  HAD SAID THAT THEY DIDN'T SEE ANYTHING NOR HEAR ANYTHING, ONE WAS ASLEEP AND THE OTHER SAID SHE WAS SO LOADED ON P.C.P. THAT SHE DIDN'T EVEN KNOW WHO I WAS.
   IN MY LETTER  I ASKED MS. NOSSE WHY MY LAWYER DIDN'T USE THIS TO IMPEACH THE WITNESSES TO SHOW THAT THEY WERE LYING AT TRIAL,
   THESE TWO WITNESSES HAD A GREAT IMPACT ON MY BEING CONVICTED AT JURY TRIAL.
   AND MS. NOSSE SAID SHE HAD LISTENED TO THE TAPES AND SPOKE TO MY ATTORNEY, BUT THAT BECAUSE IT WAS NOT USED AT TRIAL  IT COULD NOT BE USED ON APPEAL.

(2).

I ALSO TOLD MS. NOSSE ABOUT THE ARREST, THAT I WAS IN A CAR NOT MINE WHICH WAS BEING followed by S.J. police THEY CLAIM WE WERE STOPPED due TO A TRAFFIC TICKET THE DRIVER had,

BUT WHEN THEY PULLED US OVER THERE WAS AT LEAST 30 POLICE OFFICERS WITH SHOT GUNS AND PISTOLS POINTED AT US. AND AS SOON AS THEY KNEW WHO I WAS THEY STARTED YELLING "HE'S IN THE BACK SEAT" AND SWARMED THE CAR, DRAGGED ME OUT AND BEAT ME, CUFFED ME,

WHEN I ASKED WHY I WAS BEING ARRESTED THEY SAID FOR UNDER THE INFLUENCE OF P.C.P.

BUT THEY DIDN'T EVEN GIVE ME A SOBRIETY TEST OF ANY KIND, THEY KEPT ME ON THE SIDE OF THE FREEWAY FOR A HALF HOUR OR MORE, THEN TOOK ME TO THE POLICE STATION, I KNOW THAT I WAS ILLEGALLY DETAINED, I TOLD MY TRIAL ATTY. THIS BUT HE SAID THERE'S NOTHING TO INDICATE THAT IT HAPPENED BECAUSE IT WASN'T IN THE POLICE REPORTS,

IN FACT NONE OF THE POLICE THAT ARRESTED ME WERE IN THAT REPORT EITHER, SOMEONE INFORMED POLICE I WAS IN THAT CAR BECAUSE IT WASN'T YOUR EVERY DAY TRAFFIC STOP.

NOW WHAT I'M SEEKING IS A COPY OF ALL THE MATERIALS THAT MS. NOSSE HAS, OR RECIEVED, ESPECIALLY THOSE TAPE RECORDINGS SHE SAID SHE LISTENED TO, I KNOW IT'S BEEN ALMOST 15 YRS. BUT I'D APPRECIATE YOUR ASSISTANCE WITH THIS.

RESPECTFULLY
Pablo Tino

EXHIBIT-F

COPY

MARCH 25TH 99

TO: PUBLIC DEFENDERS OFFICE:

DEAR SIR,

IM WRITING IN REGARDS TO LETTERS I WROTE TO YOUR OFFICE ASKING TO BE GIVEN COPIES OF MY POLICE REPORTS, AND PRELIM AND TRIAL TRANSCRIPTS, BUT MOSTLY FOR THE MATERIALS THAT MY COURT APPOINTED ATTY. HAD IN HIS FILES PERTAINING TO MY CASE 93070 I BELIEVE IT WAS, I WAS TRYING TO ACQUIRE ALL TAPE RECORDINGS, ESPECIALLY DUE TO THE WITNESSES IN MY CASE TELLING POLICE ONE THING DURING INTERVIEWS, THEN TELLING THE JURY YET ANOTHER THING ENTIRELY DIFFERENT, WHICH LED TO MY CONVICTION.

I WROTE ASKING FOR MR. PENNYPACKER WHO ASSIGNED THE ATTY. TO ME. WITH HOPES THAT HE COULD PERSUADE THE ATTORNEY TONY CHRISTENSEN TO TURN OVER ALL DOCUMENTS RELATED TO MY CASE,

BUT I NEVER RECIEVED ANY RESPONSE FROM MR. PENNYPAC OR ANY ONE, I WROTE TO MY FORMER LAWYER MR. TONY CHRISTENSEN AND HE DIDN'T WRITE BACK EITHER,

IVE BEEN TRYING TO FILE A HABEAS CORPUS WRIT ON MY ORIGINAL CONVICTION, BUT WITHOUT THEM DOCUMENTS IT IMPOSSIBLE WITH OUT THE DATES, PROPER NAMES ETC. SO IM ASKING AGAIN IF YOU CAN LOOK INTO THIS FOR ME FROM THE RESEARCH IVE DONE IVE LEARNED THAT MY ATTY. TO ME ON THE USE OF THOSE TAPE RECORDINGS WHICH C HAVE EXONERATED ME HAD THE JURY HEARD THEM, HE SA WASN'T ALLOWED IN TRIAL, I KNOW THAT THE TAPES MAY N EXIST BY NOW BUT THERES A SLIM POSSIBILITY THEY STI DO. IF YOU CAN'T ASSIST ME WITH THIS CAN YOU REFER ME SOMEONE WHO CAN. IVE WROTE YOUR OFFICE A FEW TIMES BEFORE AND GOT NO RESPONSE IN EARLY 1990 - 1991. RESPECTFU

EXHIBIT - H

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region

1. FBSP
2. CMF-M

Log No.
1. 90-2132
2. 90-M-2743

Category V 3
Lost Property

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| PINA PABLO | D-28079 | SHU PBSP | C8-B-106 |

A. Describe Problem: QUITE SOME TIME AGO I FILED AN APPEAL WITH REGARD TO MY PERSONAL PROPERTY WHICH WAS LOST IN VACAVILLE WHILE I WAS IN ROUTE TO SAN QUENTIN IN THE MONTHS OF APRIL 1986 THRU NOV-1987 AND AM FOLLOWING THIS UP AND FORWARD TO VACAVILLE FOR PROCESSING.

SEE ATTACHED

sheet

If you need more space, attach one additional sheet.

B. Action Requested: THAT THE FOLLOWING BE LOOKED INTO AND THAT SINCE ITS BEEN THIS LONG THAT I BE REFUNDED FOR THE LOSS.

Inmate/Parolee Signature: _____ Date Submitted: 1-25-90

C. INFORMAL LEVEL (Date Received:

Staff Response:

Staff Signature: _____ Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____ Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

INMATE CLAIM

BC-1K [REV. 3/71]

## BEFORE THE STATE BOARD OF CONTROL OF
## THE STATE OF CALIFORNIA

*Reserve for Filing Stamp*
CLAIM NO.

### INSTRUCTIONS

Claims filed on this form are for loss of or damage to personal property while claimant was confined in California's State Institutions. This claim will be considered by the Board of Control, under its equity powers; therefore, statutory time limitations set forth in California Government Code Sections 911.2 et seq., are not applicable. (NOTE: The Board may apply the Equitable Doctrine of Laches.)

If claimant wishes to file a claim under the California's Tort Claims Act, all procedural and substantive requirements will be strictly applied. (NOTE: You have 100 days from date of cause of action to file this type of claim.) Proper forms for this latter type of claim, may be obtained by writing: The State Board of Control, 926 J Street, Suite 300, Sacramento, CA 95614, requesting form J-A.

| NAME | | NUMBER |
|---|---|---|
| PABLO PAUL PIÑA | | D-28079 |

ADDRESS
P.O. BOX 7500    C-2    B-205 Ø
CRESCENT CITY, CALIF
95532

The undersigned claimant hereby makes claim in equity against the State of California in the sum of

$ 220.00    and in support of said claim represents as follows:

I. When did the loss or damage occur? (GIVE EXACT MONTH, DAY AND YEAR)

AUGUST 20TH 1986

Where did the loss or damage occur?

CMF VACAVILLE WILLIS UNIT

3. How did the loss or damage occur? (GIVE FULL DETAILS) THE LOSS OCCURRED WHEN I WAS TRANSFERRED OUT OF CMF ON DISCIPLINARY MATTERS, WHEN I WAS MOVED MY PROPERTY WAS LEFT BEHIND BY CMF STAFF. IN- WING PROPERTY OFFICER, CMF R&R. I WAS TRANSFERRED ON 8-20-86, AND I ASKED S.Q. TO PUT OUT A TTRACER WHILE I WAITED I WAS GOING BACK & FORTH TO COURTS, I WAS THEN MOVED TO :TEHACHAPI; WHERE I FILED A 602 ON LOST PROPERTY, I DON'T HAVE RECEIPTS AS THEY WERE IN MY PROPERTY.

4. Enter below each item lost or damaged.

| ITEM | DATE ACQUIRED | COST | PRESENT VALUE | WHERE ACQUIRED AND FROM WHOM |
|---|---|---|---|---|
| 1. COURT TRANSCRIPTS ON SEVERAL CASES. POLICE REPORTS | IN COUNTY JAIL, 2-21-1989 WENT TO CMF | 40.00 | 40.00 | COUNTY CLERK SANTA CLARA COUNTY |
| 2. MANILA ENVELOPES LEGAL, LEGAL TABLETS SEVERAL, TYPING PAPER PKS. OF 100- | | 12.00 | 12.00 | COUNTY JAIL CANTEEN, AND COURT CLERK |
| 3. RESEARCH MATERIALS, CASES, FOLDERS, ACCORDIAN TYPE, PHOTO GRAPHS 44-64 COURT- AND PERSONAL | | 80.00 10.00 40.00 | 80.00 10.00 40.00 | THRU MAIL AND AS EVIDENCE PHOTOS IN CASES I WAS CHARGED WITH. |
| 4. ADDRESS BOOK, LETTERS, COFFEE, TOBACCO, BODY LOTION, TOOTH PASTE, SHOWER SHOES, SOAP DEODORANT, ETC. | CANTEEN ITEMS THRU MONTH OF JUNE TO AUGUST | 3.00 35.00 | 3.00 35.00 | CMF VACAVILLE CANTEEN CHECK THE RECORDS |
| | | | | |
| | | | | |

*(List additional items on separate sheet)*

7300-D.1

(OVER)

IN 1989 I BELIEVE I FILED A 602 602 NUMBER 3321 ON THE LOSS OF MY PROPERTY IN VACAVILLE WILLIS UNIT, I WAS HOUSED IN CELL 120# ISOLATION, AND WAS LATER TRANSFERRED TO SAN QUENTIN IN AUG. 20 1986 I HAD ALOT OF TRANSCRIPTS COURT DOCUMENTS ETC, WHEN I WENT TO COURT AUG 27 1986 I HAD TO POSTPONE DUE TO NOT HAVING MY PAPER WORK NOR WAS IT EVEN LOCATED BY S.Q. R&R NOR CMF R&R.

THERE WAS A LADY OFFICER MZ. TIDWELL WHO KNEW ABOUT THIS ALTHOUGH IT'S BEEN A WHILE MAY BE SHE CAN RECALL THE INCIDENT, SHE'D BEEN WORKING WHEN MY TRANSFER OCCURRED, AND I ASKED HER IF THEY'D GOT MY PROPERTY OUT OF STORAGE ROOM SHE SAID IT WAS READY AND IN WILLIS UNIT CAGE. I SAW IT WHEN SHE POINTED TOWARDS IT!

THAT'S ABOUT ALL I CAN TELL YOU, THE PROPERTY LOST WAS A FEW THOUSAND PAGES OF TRANSCRIPTS, PRELIMINARY HEARING'S, MOTIONS AND RESEARCH, MANILA ENVELOPES, LEGAL TABLETS, TYPING PAPER, LEGAL FOLDERS AND MUCH MORE, NOW ASIDE FROM THAT WAS MY PHOTO'S AROUND 44 OR 46, ADDRESS BOOK, LETTERS AND CANTEEN ITEMS THAT INCLUDE COFFEE, TOBACCO, SOAP, LOTION, TOOTH PASTE, SHAMPOO, INK PENS, IT'S BEEN QUITE A WHILE SO IT'S NOT EASY TRYING TO REMEMBER ALL OF IT, BUT YOU SHOULD BE ABLE TO GET A COPY OF PROPERTY RECEIPT FROM CMF VACAVILLE,

ACTION REQUESTED -

THAT I BE REFUNDED FOR THE LOSS OF MY PERSONAL PROPERTY, SINCE YOU'VE CHECKED AND AGREE THAT YOU LOST MY PROPERTY WE COULD DISCUSS A DEAL OF SETTLING THIS.

RESPECTFULLY
MR. PABLO PINA
# D-28079

5. How was the amount claimed above computed?

THIS IS A ROUGH ESTIMATE BECAUSE THE COST OF COPYING TRANSCRIPTS IS A PENNY A SHEET. I HAD SEVERAL THOUSAND SHEETS, ALONG WITH POLICE REPORTS INVESTIGATOR'S REPORTS, ALONG WITH MATERIALS SUCH AS LEGAL TABLETS, TYPING PAPER, MANILA LEGAL ENVELOPES, AND MUCH RESEARCH MATERIALS. 2 YRS. SITTING IN COUNTY JAIL WHILE FIGHTING SEVERAL CHARGES AND BECAUSE I WAS PRO-PERSON I HAD ALL MATERIALS PERTAINING TO MY CASES, PHOTOGRAPHS, DIAGRAMS ETC. ETC. SO WITH THIS AND PERSONAL PROPERTY ALSO LOST (&) FIGURE THE AMOUNT IS ABOUT RIGHT !

6. Location of property records which would reflect property in question (IF NOT LISTED IN PROPERTY RECORD, EXPLAIN WHY NOT)

YOU COULD GET A COPY OF CMF PROPERTY RECIEPT DATED 4-21-86, ALTHOUGH THEY WOULDN'T COUNT OUT ALL DOCUMENTS THEY PUT THEM IN A BOX OR TWO OF MISCELLANEOUS LEGAL MATERIALS, AS FOR THE PERSONAL PROPERTY THAT WOULD BE IN WILLIS UNIT PROPERTY RECORDS (I) GUESS.

7. What are the names of the state officers or employees who may have direct knowledge of the loss or damage? Other persons who may have knowledge of the loss or damage?    THERE IS A C/O MR. TIDWELL, AND C/O BELFORE WHO KNEW OF THIS,

8. What steps have you taken (other than filing a claim with the Board of Control) to recover your property?

IVE TRIED TO BE PATIENT AND GIVE EACH INSTITUTION ENOUGH TIME TO LOOK FOR MY PROPERTY, IVE HELD OFF ON FILING A 602 HOPING MY PROPERTY WOULD BE LOCATED,

## VERIFICATION

I, the undersigned, say:

I am the claimant in the above-entitled action; I have read the foregoing claim and know the contents thereof and the same is true of my own knowledge except those matters which are therein stated on information or belief, and as to those matters I believe them to be true.

I declare the foregoing is true and correct under penalty of perjury.

| DATED | SIGNATURE - CLAIMANT |
|---|---|
| 8 - 3 - 90 | M. Pablo Paul Ying |

First Level: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other ____ 8-27-90

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _F-6-90_  Due Date: 6-16-90

Interviewed by: _J. Willie Take (?) all pertaining steps to resolve this matter I contacted the property officers at the facilities listed. They stated all property was sent out and thus is no property at this facility at this time. Therefore I am unable to resolve this matter._

Staff Signature: _____  Title: CRI  Date Completed: 8-25-90

Division Head Approved: _____  Returned

Signature: _____  Title: Aw5  Date to Inmate: SEP 14 1990

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response. _SEE ATTACHED CDC-7 FOR 2ND LEVEL REVIEW, ALSO ENCLOSED IS BOARD OF CONTROL CLAIM_

Signature: _Pablo Paul Pina_  Date Submitted: 8-3-90

Second Level: ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other ____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _9-24-90_  Due Date: 10-9-90

☒ See Attached Letter.

Signature: _____  Date Completed: 10-4-90

Warden/Superintendent Signature: _____  Date Returned to Inmate: 10-17-90

OCT 26 1990

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____  Date Submitted: ____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other ____
☐ See Attached Letter

Date: ____

CDC 602 (12/87)

STATE OF CALIFORNIA—YOUTH AND ADULT CC      .IONAL AGENCY                                    GEORGE DEUKMEJIAN, *Governor*

## DEPARTMENT OF CORRECTIONS

P. O. Box 942883
Sacramento, CA  94283-0001



December 17, 1990


Pablo Pina, D-28079
Pelican Bay State Prison
P. O. Box 7000
Crescent City, CA 95531-7000


RE:   DIRECTOR LEVEL DECISION
      CASE NO.  9005409
      PBSP LOG NO.  90-2132
      CMF LOG NO.  90-M-2743

This matter was reviewed on behalf of the California Department
of Corrections, Inmate Appeals Branch, at the Pelican Bay State
Prison, Crescent City, California, on December 3, 1990, by
Appeals Examiner L. E. De Bord.

All submitted documentation and supporting arguments of the
parties have been considered.  To the extent such documentation
and arguments are in accordance with the findings and conclusions
stated herein, they have been accepted.  To the extent they are
inconsistent therewith, they have been rejected.

### ISSUES

Whether or not institution staff improperly denied appellant's
request for reimbursement for property he claims was lost by
California Medical Facility staff in 1986.

### FINDINGS

I

The appellant states that he came into the correctional system on
April 21, 1986 and brought with him his property including his
legal work. He was initially processed into the reception center
general population, but was subsequently placed in administrative
segregation in Willis Unit.  He then was transferred to San
Quentin State Prison, however, his property never followed him.
He wants to be reimbursed in the amount of $220.00.

PINA, D-28079 - CASE NO. 9005409
Page 2

## II

The institution takes the position that there is no evidence that appellant ever had the property claimed or that it was lost as a result of staff negligence. There is, therefore, no basis for granting appellant's claim.

## III

The Department's rules regarding inmate property are contained in the California Code of Regulations, Title 15, Section 3193 and the Department of Corrections Operations Manual, Chapter 50000, Subchapter 54000, Section 54030.

**3193. Liability.**
"(a) In permitting inmates to possess items of personal property while they are incarcerated, the department does not accept liability for the theft, loss, damage or destruction of such property resulting from the intentional or careless act or activities of any inmate. The department does not accept liability for the loss or destruction of personal property in the inmate's possession or control at the time of any willful act by the inmate, such as escape, which exposes such property to loss or theft before it can be recovered and controlled by staff.

(b) The department does accept liability for the loss or destruction of inmate personal property when it is established that such loss or destruction results from employee negligence. Compensation to the inmate for such loss will not exceed the value assigned to the item or items at the time the inmate received authorization to possess the property. Staff recommendations to the State Board of Control will be made accordingly."

**54030.3. Responsibility.**
**54030.3.2. Inmate Housing Unit Staff.**
"Correctional staff shall assume responsibility for an inmate's property upon notice that an inmate is being retained elsewhere. The housing unit supervisor shall take control of the inmate's property by:

* Immediately locking the inmate's cell with a security locking device or securing the inmate's locker with a state lock, pending the first opportunity to inventory and package the property;
* If the property cannot be secured as in a double occupied cell, the property shall be removed and stored in an appropriate area until inventoried.

PINA, D-28079 - CASE NO. 9005409
Page 3

>   * Inmate property that is in an open dormitory,
> shall be locked in a locker and the entire locker
> removed and stored in an appropriate area until
> inventoried.
>   * Within twenty-four hours, the inmate's property
> shall be inventoried and packaged for transfer to their
> current location or to a secure place designated for
> property storage.   A copy of the inventory sheet,
> Inmate Property Inventory, CDC Form 1083, signed by the
> person who inventoried the property, shall be furnished
> to the inmate."

The documentation and arguments presented are persuasive that
appellant's claim cannot be substantiated.   Appellant has no
receipts, property inventory records or transfer receipts to
prove that he had the property he claims was lost.   Contact with
receiving and release staff at both San Quentin State Prison and
the California Medical Facility state that there is no record of
appellant having the property and no property for him in the
property rooms.

### DETERMINATION OF ISSUE

The institution's denial of appellant's request was appropriate.

The appeal is denied.

### ORDER

The decision of institutional staff, in this matter, will not be
reversed or modified.

This decision exhausts the administrative remedy available to
appellant within the Department of Corrections.   Appellant may
appeal this decision to the State Board of Control, 770 L Street,
8th Floor, Sacramento, CA., 95814.


JACK R. REAGAN, Chief
Inmate Appeals Branch

cc:   C. Marshall, Warden, PBSP
     Appeal Coordinator, PBSP
     Appeal Coordinator, CMF
     Appeal Coordinator, SQ

S U P P L E M E N T   P A G E

RE:    PELICAN BAY STATE PRISON
       Appeal Log #90-2132
       Second Level Reviewer's Response

       Inmate:  PINA, D-28079

APPEAL DECISION:

       Denied

APPEAL ISSUE:  (Modified)

I request to have my property returned to me or to be
reimbursed for my lost property.

APPEAL RESPONSE:

Your appeal, attachments, the Informal and First Level of
Response have been reviewed.

You contend the California Department of Corrections lost
your property at the California Medical Facility, Vacaville
when you were transferred to San Quentin State Prison.

At the First Level of Review you were informed both
Vacaville and San Quentin were contacted concerning your
property, and their records indicate all your property was
forwarded to your receiving institution.

You have no documentation to substantiate your claim you
ever had the property in question or that the Department of
Corrections was negligent in their handling of your
property.

Based on the above, your appeal is DENIED at the Second
Level of Review.

CHARLES D. MARSHALL
Warden
Pelican Bay State Prison

_____
        10-17-90
        DATE

EXHIBIT - I

NOV-21-06

DISTRICT ATTORNEY'S OFFICE.
70 W. Hedding St.
San Jose, Calif 95110

RE: Public Records Act Request:

Dear Sir,
I'm writing you again about the request I made to your office about obtaining records / police reports / investigation reports / notes of any kind pertaining to the case described, I also am asking for the taped recordings that were taken by police of all witnesses, accomplices and potential witnesses, and any other related information regarding the arrest and conviction of myself, this request is being made under the Public Records Act, government code section 6250 et. seq. 6252.

I'd also like a detailed list of all items that are in your files that relate to this conviction, and or copy of evidence inventory held by your office, in your records, or archives.

I'm also requesting the copy of an arrest by one of your witnesses while out on O.R. and waiting to testify against me, Henrietta Cruz DOB- 12-30-64 was arrested in San Francisco, Calif for kidnap - robbery while being a witness for your office and case# 84-0520082 dated 2/21/84 I'm aware S.F. PD contacted your office.

I wrote your office earlier this year with my requests, it should be noted that I also asked for the police report and sentencing transcript of your former prosecutor Allan Noochman, Nudleman

I am again making the following request's under the Public Records Act if there is a fee for copy service please advise me in advance, and the items being copied.

The information being sought is for my appeal of a tainted conviction that D.A. Joyce Allegro Dougherty knowingly used perjured testimony and fabricated evidence to gain a conviction.

Thank you for your time
Respectfully
Pablo Piña

EXHIBIT - J

GEORGE W. KENNEDY
DISTRICT ATTORNEY.
COUNTY GOV. CENTER WEST WING
70 WEST HEDDING STREET
SAN JOSE CALIF. 95110

APRIL 12TH 07

RE: REQUEST UNDER THE PUBLIC RECORDS ACT.

DEAR SIR.

I MADE A REQUEST FOR PUBLIC RECORDS UNDER THE PUBLIC RECORDS ACT

CALIFORNIA CODE § 6250 ET. SEQ. TO YOUR OFFICE ON NOVEMBER 21ST 06. IT WAS
DENIED.

I REQUESTED ACCESS TO ALL MATERIAL EVIDENCE PERTAINING TO MY ARREST

AND CONVICTION IN THE CASE # 84-0520082 DATED 2/21/84.

BUT MOST IMPORTANTLY I WAS REQUESTING COPIES OF THE TAPED RECORDED

EVIDENCE THAT YOUR OFFICE HAS OF THE WITNESS STATEMENTS TO POLICE AT

THE TIME OF THIS INCIDENT. AND IF ALL POTENTIAL WITNESSES INTERVIEWED

BECAUSE THIS EVIDENCE WAS KEPT FROM THE JURY DURING MY TRIAL. AND

WAS EVIDENCE THAT WOULD OF SHOWN THE JURY THAT THE WITNESSES HAD

PERJURED THEMSELVES UNDER OATH.

AND WOULD ESTABLISH THAT THE PROSECUTION KNEW OF THIS TAINTED EVIDENCE

BEING PRESENTED AND FAILED TO CORRECT IT.

HAD THE JURY HEARD THIS EVIDENCE THE OUT COME OF MY TRIAL WOULD OF BEEN

AN ACQUITTAL NOT A CONVICTION.

PLEASE REPLY TO MY REQUEST WITHIN TEN (10) days OF RECIEPT AS REQUIRED

BY CALIF. GOV. CODE § 6256. ANY NOTIFICATION OF DENIAL OF ANY REQUEST

FOR SUCH DOCUMENT, RECORDS SHOULD SET FORTH THE NAME, TITLE OF THE

PERSON RESPONSIBLE FOR THE DENIAL AS REQUIRED BY GOV. CODE § 6256.2,

I NOW ASK THAT YOU IDENTIFY WHOM IT WAS THAT DENIED MY REQUEST

AND TO WHOM I MAY APPEAL THIS DENIAL, IF APPEAL IS POSSIBLE.

THE DOCUMENTS ARE ALL PART OF MY CASE AND SHOULD NOT BE EXEMPT AS ITS ALL

NEEDED FOR MY APPEAL AND HABEAS CORPUS RELIEF AND NONE CAN BE FULLY

COMPLETE WITHOUT THIS INFORMATION.

RESPECTFULLY
FABIO PIÑA

EXHIBIT - K

# County of Santa Clara

Office of the District Attorney

County Government Center, West Wing
70 West Hedding Street
San Jose, California 95110
(408) 299-7400
www.santaclara-da.org



George W. Kennedy
District Attorney

December 28, 2006

Pablo Pina, D-28079
PO Box 7500, D-4102
Crescent City, CA, 95531

Re: Public Records Request

Dear Mr. Pina:

The Santa Clara County District Attorney's Office has received your Public
Records request dated November 21, 2006. Your request is vague as to the
case you are requesting information about. In any event, the type of information
that you are requesting is contained in the District Attorney's file and is exempt
from disclosure.

Sincerely,

David Tomkins
Assistant District Attorney

EXHIBIT - L

COPY

DAVID TOMKINS
ASSISTANT DISTRICT ATTORNEY.
70 WEST HEDDING ST.
SAN JOSE. CALIF  95110                                    MAY 7TH 07

DEAR MR. TOMKINS.
    OKAY IM NOW AWARE THAT MY REQUEST UNDER THE PUBLIC
RECORDS ACT IS NOT THE PROPER FORUM.
    BUT IM STILL ASKING FOR THE TAPE RECORDED EVIDENCE THAT
YOU HAVE PERTAINING TO THIS CASE IN WHICH I WAS CONVICTED
OF IN CASE #84-052-0082 _____ IN 1986.
    BECAUSE IM SEEKING RELIEF BY WAY OF HABEAS CORPUS  I HAVE
A RIGHT TO THE EVIDENCE  WHICH YOUR OFFICE AND THE POLICE DEPT.
GATHERED DURING THE ARREST AND INVESTIGATION OF THIS CASE.
    THE TAPES IM ASKING FOR WERE NOT USED AT MY TRIAL, AND WHICH
IS WHY IM NOW ASKING FOR THEM.
    I ASKED MY TRIAL ATTY. TO USE THEM AT MY TRIAL BUT HE SAID WE
    CANT BECAUSE THE JUDGE WONT ALLOW IT.
AND I'VE LEARNED THAT THE TAPES COULD OF BEEN USED AND SHOULD OF
BEEN USED.
    I AM NOW SEEKING RELIEF UNDER NEWLY DISCOVERED EVIDENCE  AS THE
TAPES WERE KEPT FROM THE JURY BY YOUR OFFICE AND MY ATTORNEY.
THE U.S. SUP. CT HAS RULED THAT A CRIMINAL DEFENDANT HAD A
RIGHT TO HAVE ALL EVIDENCE HEARD. IN HOUSE V. BELL. 547 U.S. SUP.CT
(2006). AND  HOLMES V. SOUTH CAROLINA  547 U.S. SUP. CT. (2006).
    SO I NOW ASK AGAIN FOR COPIES OF THE TAPES AND OTHER
INFORMATION IN YOUR FILES THAT PERTAIN TO THIS CASE. SO IM
    ASKING HOW DO I GO ABOUT THIS?

                                   THANK YOU FOR YOUR
                                   TIME.
                                        RESPECTFULLY
                                        PABLO PIÑA

POLICE DEPT. ARCHIVES UNIT
201 W. MISSION ST.
SAN JOSE. CALIF 95110

Case 3:07-cv-05675-SI     Document 1     Filed 11/08/2007     Page 64 of 97   COPY   PRS.

NOV. 21/06

2006 DEC -7 PM 5:03

INRE: PUBLIC RECORDS ACT REQUEST.

(46)

DEAR SIR.

I WROTE TO YOU WITH A REQUEST FOR PUBLIC RECORDS UNDER THE PUBLIC RECORDS ACT AND GOVERNMENT CODE § 6250 ET.SEG. AND 6252.

I'M NOW MAKING THE REQUEST ONCE AGAIN AS I AM ENTITLED TO THE DOCUMENTS BEING REQUESTED. THE INFORMATION AND DOCUMENTS AND EVIDENCE IS NEEDED FOR MY APPEAL.

I REQUEST THE FOLLOWING:

1). THE POLICE REPORTS IN CASE #84-0520082 DATED 2/21/84

2). THE POLICE FILE ON THE ABOVE CASE. IN ITS ENTIRETY.

3). THE TAPED INTERVIEWS OF ALL WITNESSES, ACCOMPLICES. POTENTIAL WITNESSES THAT POLICE HAVE IN EVIDENCE.

4). A DETAILED INVENTORY OF ALL EVIDENCE ON FILE RELATED TO THE ABOVE CASE.

5). ALL PHOTOGRAPHS OF THOSE CHARGED WITH ABOVE CASE.

6). AND LASTLY THE ARREST REPORT OF FORMER DISTRICT ATTORNEY ALLAN NOODLEMAN. FOR BURGLARY AND RECIEVING STOLEN PROPERTY.

I AM APPEALING MY CASE THE REQUESTED INFORMATION IS PART OF THE EVIDENCE I'VE BEEN TRYING TO OBTAIN FOR THE PAST 15 YEARS OR MORE. THIS IS NOT FOR PERSONAL USE.

PLEASE ADVISE ME IF THERE IS A FEE FOR THE COPIES. IN ADVANCE AND THE EXACT ITEMS BEING COPIED.

THANK YOU FOR YOUR TIME.
RESPECTFULLY
PABLO PIÑA

EXHIBIT-N

ROBERT L. DAVIS
CHIEF OF POLICE.
201 W. MISSION ST.
SAN JOSE, CALIF 95110

APRIL 12TH 07

DEAR SIR.

IM WRITING YOU IN REGARDS TO MY REQUEST FOR PUBLIC RECORDS FROM YOUR OFFICE AND AGENCY. WHICH WAS SENT TO YOU ON 11-26-06 AND

IT WAS DENIED BY YOUR OFFICE AND PDS II C. GALDO 934N. ON JANUARY 31ST 07.

IN MY REQUEST I ASKED FOR COPIES OF ALL RELATED MATERIALS THAT PERTAIN TO MY ARREST AND CONVICTION IN THE CASE # 84-0520082 AND DATED 2/21/84.

MOST IMPORTANTLY IS THE TAPED INTERVIEWS BY POLICE OFFICIALS OF ALL WITNESSES AND POTENTIAL WITNESSES. AND A DETAILED INVENTORY LIST OF EXACTLY WHAT THE EVIDENCE FILES CONTAIN. ETC.

I MADE THE ABOVE REQUESTS BECAUSE DURING MY TRIAL A LOT OF EVIDENCE WAS KEPT FROM THE JURY. WHICH WAS CRUCIAL TO MY DEFENSE. AND I'M SPECIFICALLY REFERRING TO THE TAPED INTERVIEWS.

BUT I ALSO BELIEVE THAT IF THE TAPES WERE NOT USED AT TRIAL THAT THERE MUST SURELY BE MORE EVIDENCE HIDDEN IN YOUR FILES. I AM. AND HAVE BEEN TRYING TO OBTAIN THIS EVIDENCE FOR QUITE SOME TIME. SO IT CAN BE USED IN MY HABEAS CORPUS ENDEAVORS.

ALTHOUGH YOU DENIED MY REQUESTS I'M AWARE THAT I HAVE A RIGHT TO APPEAL THAT DENIAL. AND NOW ASK THAT YOU DIRECT ME TO WHOM I CAN MAKE THIS APPEAL TO. THEIR NAME, TITLE AND ADDRESS. AS REQUIRED UNDER THE CALIF GOVERNMENT CODE.

RESPECTFULLY
PABLO PIÑA

EXHIBIT - O



*San José Police Department*

Bureau of Technical Services
Operations Support Services Division

January 31, 2007

Pablo Pina
CDC# - D28079
P.O. Box 7500 D-4102
Crescent City, CA 95531

### RE: PRA Request for Pablo Pina

Dear Pablo Pina,

Your request for public records regarding case# **84-052-0082** was denied by Lt. Gamez #2581 of our Homicide Unit. All materials previously supplied to defense at trial. If you should have any questions regarding this matter please contact our Homicide Unit at **408 277-5283**.

Sincerely,

ROBERT L. DAVIS
CHIEF OF POLICE

934N

PDS II C. Galdo  934N
For:    Tamara Becker
Division Manager
Operations Support Services
Bureau of Technical Services

RLD:TB:sjc
Enclosures

LT. LAURENCE RYAN
RESEARCH AND DEVELOPMENT UNIT.
SAN JOSE POLICE dept.
201 W. MISSION ST.
SAN JOSE, CALIF  95110

MAY 7TH 07


DEAR SIR.

I JUST RECIEVED YOUR LETTER IN RESPONSE TO MY LETTER OF APRIL 12TH 07. WHERE I WAS REQUESTING FOR EVIDENCE AND COPIES OF MATERIAL IN YOUR FILES UNDER THE PUBLIC RECORDS ACT.

IN YOUR LETTER YOU MAKE IT QUITE CLEAR THAT UNDER THAT REQUEST YOU CAN NOT PROVIDE ANY DOCUMENTS. AND.

I'M UNDERSTANDING THAT NOW. BUT I STILL NEED COPIES OF THAT MATERIAL AND YOUR IN POSSESSION OF IT. SO WHAT I'D LIKE TO KNOW IS HOW THEN SHOULD I MAKE MY REQUEST. AND TO WHOM MUST I MAKE IT?

PLEASE ADVISE ME OF THIS AS SOON AS IS APPROPRIATE FOR YOU.


Thank you For YOUR TIME
Respectfully
FABIO PIÑA

EXHIBIT - P

STATE OF CALIFORNIA                                    ARNOLD SCHWARZENEGGER, *Governor*

OFFICE OF THE STATE PUBLIC DEFENDER
221 Main Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 904-5600
Fax: (415) 904-5635



## PRIVILEGED ATTORNEY COMMUNICATION -- CONFIDENTIAL

Feb. 1, 2007

Pablo Pina
PO Box 7500 D-4 #102
Crescent City, CA 95531

Dear Mr. Pina:

I received your letter requesting tape recordings that you believe may be in our old case file. I have sent a request to retrieve the file from your appeal from storage. When the file is sent to me, I will review it to see if there are any tape recordings in it.

Sincerely,

Alison Bernstein
Deputy State Public Defender

STATE OF CALIFORNIA                                                          ARNOLD SCHWARZENEGGER, *Governor*

# OFFICE OF THE STATE PUBLIC DEFENDER
221 Main Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 904-5600
Fax: (415) 904-5635



## PRIVILEGED ATTORNEY COMMUNICATION -- CONFIDENTIAL

February 15, 2007

Pablo Pina
PO Box 7500 D-4 #102
Crescent City, CA 95531

Dear Mr. Pina:

There is no record, correspondence or notation in the OSPD file of your case that indicates that trial counsel ever supplied his files to our office. It does appear that Ms. Nosse and Mr. Christensen discussed your case, and that Mr. Christensen was kept informed of the appeal and provided a copy of the pleadings.

In an abundance of caution, I have written to Mr. Christensen, your original trial counsel, inquiring if he has the tape recordings you are seeking from the original file. I will let you know if I learn anything further.

I am enclosing a copy of your most recent letter, per your request.

Sincerely,

Alison Bernstein
Deputy State Public Defender

EXHIBIT- $\varphi$

1

2

3

**F I L E D**

SEP 2 2 2006

4

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY

5

6

7

8

### SUPERIOR COURT OF CALIFORNIA

10

In re                              )
11      **PABLO PIÑA,**             )      No.: 93070
        On Habeas Corpus           )      ORDER
12                                  )

13      **PABLO PIÑA** has submitted a petition for a writ of habeas corpus in which he

14 raises multiple claims regarding the constitutionality of his conviction including

15 the claim that evidence not presented at his trial proves his innocence.

16      Due to his multiple, prior writs, his newest petition for writ of habeas

17 corpus is procedurally barred and summarily denied. (*See In re Clark* (1993) 5

18 Cal.4th 750; *In re Robbins* (1998) 18 Cal.4th 770; *In re Swain* (1949) 34 Cal.2d

19 300; *People v. Duvall* (1995) 9 Cal.4th 464, 474.) The recent U.S. Supreme Court

20 case of *House v. Bell* (2006) 126 S. Ct. 2064 is inapplicable because, even

21 presuming their truth, Petitioner's unsupported, undocumented claims regarding the

22 "new evidence" do not establish his "actual innocence."

23      As a result, this Court need not address the merits of the current

24 petition.

25 DATED: September 2̶5̶, **22** 2006

26

PAUL BERNAL
JUDGE OF THE SUPERIOR COURT

27 cc:  Petitioner
         District Attorney
28       Research

1

**IN THE SUPERIOR COURT OF CALIFORNIA
IN AND FOR THE COUNTY OF SANTA CLARA**

Plaintiff/Petitioner
Pablo Pina

In re: People vs. Pina

**F I L E D**

SEP 2 2 2006

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY

| **PROOF OF SERVICE OF: Order in re: Habeas Corpus** | Case Number: **93070** |

CLERK'S CERTIFICATE OF MAILING: I certify that I am not a party to this cause and that a true copy of this document was mailed first class postage fully prepaid in a sealed envelope addressed as shown below and the document was mailed at SAN JOSE, CALIFORNIA on SEP 2 2 2006. I declare under penalty of perjury that the foregoing is true and correct.

DATED SEP 2 2 2006

Kiri Torre, Chief Executive Officer

BY: Catherine Guerra, Deputy Clerk

| Pablo Pina<br>#D-28079<br>P.O. Box 7500<br>Crescent City, CA 95531 | Research Attorney Criminal Division<br>190 W. Hedding Street<br>San Jose, CA 95110<br>*Placed in Research Attorney pick up box at HOJ |
| | Office of the District Attorney<br>70 West Hedding Street<br>San Jose, CA 95110<br>*Placed in District Attorney pick up box at HOJ |
| | CJIC |
| | |

COMMISSION ON JUDICIAL
PERFORMANCE.
1390 MARKET STREET.  SUITE - 304
S.ANFRANCISCO. CALIF  94162

APRIL 15TH 07

INRE: JUDGE PAUL BERNAL
      SANTA CLARA SUPERIOR COURT.

DEAR SIR.
        I'M EXERCISING MY RIGHT UNDER THE CALIFORNIA CONSTITUTION ARTICLE 6 SECTION
18 - 19. TO FILE A COMPLAINT ON JUDGE PAUL BERNAL A SUPERIOR COURT JUDGE PRESIDING
IN SANTA CLARA COUNTY.

 I'VE RECENTLY FILED TWO HABEAS CORPUS PETITIONS IN THE SUPERIOR COURT AND BOTH
TIMES BERNAL dismissed THEM. NOT BECAUSE THEY HAD NO MERIT, NOR BECAUSE THEY
FAILED TO STATE A CLAIM.

BUT BECAUSE I FILED PETITIONS IN THE PAST. WHICH I don't deny. AND TO
WHICH I'VE HAD A VALID REASON AND EXPLANATION.

TO UNDERSTAND THIS you would NEED TO probably READ ALL MY PREVIOUS WRITS
LETTERS, MOTIONS, TO THE COURTS THROUGHOUT THE PAST 18 - 19 YRS'.

THE PETITIONS WERE NEVER COMPLETE, BECAUSE THE EVIDENCE TO SUPPORT THEM
IS AND HAS BEEN IN THE HANDS' OF THE DISTRICT ATTORNEY'S OFFICE AND THE
POLICE DEPT.

 I FIRST WROTE LETTERS ASKING THE COURT CLERK IN 1991 TO ALLOW ME ACCESS TO ALL MY
POLICE REPORTS, TO WHICH THERE'S AT LEAST THREE. ALL TAPES RECORDED BY POLICE THAT
WERE NEVER SHOWN TO THE JURY. AND ALL TRANSCRIPTS OF COURT PROCEEDINGS. AND
I EXPLAINED THAT I WAS INDIGENT AND UNABLE TO PAY FOR COPIES.

THE CLERK TOLD ME I HAD TO HAVE PROOF THAT I WAS ACTUALLY FILING A WRIT.
THAT THEY WOULD NOT JUST GIVE ME COPIES.

AND EVEN THOUGH AT THAT TIME I didn't KNOW HOW TO FILE A PETITION. IN 1991
I FILED A WRIT ASKING TO BE provided ALL MATERIALS PERTAINING TO MY CASE.
MAINLY THE TAPES and POLICE REPORTS. SO THAT I could PURSUE AN INEFFECTIVE
ASSISTANCE OF COUNSEL AGAINST MY TRIAL ATTORNEY.

II.

I EXPLAINED AS BEST I COULD WHAT MY REASONS WERE FOR FILING THAT FIRST WRIT, AND ATTACHED A MOTION THAT REQUIRES THE STATE TO PROVIDE INDIGENT PETITIONERS WITH TRIAL RECORDS, TRANSCRIPTS. AT THE TIME I THOUGHT THAT MOTION MEANT THAT ALL RECORDS WOULD BE TURNED OVER. A COMPLETE FILE.

THAT FIRST WRIT WAS DENIED, SO BELIEVING I MUST OF FILED IT WRONG I FILED ANOTHER, AND ANOTHER WRIT, ATTEMPTING TO SATISFY THE COURT. I DIDN'T KNOW WHAT I WAS DOING WRONG.

FROM WHAT THAT COURT CLERK SAID ALL I HAD TO DO WAS SHOW I WAS ACTUALLY FILING A PETITION, AND I DID THAT.

IN EACH PETITION I FILED I WOULD EXPLAIN THAT MY WRIT ISN'T COMPLETE, THAT I'M ASKING THE COURT TO PROVIDE ME WITH THE EVIDENCE, MATERIALS. USED AND NOT USED IN MY TRIAL SO I COULD ADEQUATELY PRESENT MY CASE.

I FEEL THAT IN EACH OF MY WRITS I ALLEGED ENOUGH GROUNDS THAT WOULD HAVE REQUIRED AN EVIDENTIARY HEARING OR AT LEAST AN ORDER TO SHOW CAUSE. MY PRE-AEDPA PETITIONS WERE DENIED AS IF THE 1996 AEDPA ACT WAS ALREADY IN EFFECT, AND EVEN THOUGH THERE WAS NO SUCH LIMITATIONS THE COURT IN SANTA CLARA COUNTY DECIDED TO DISMISS THE WRITS ON FLIMSY PROCEDURAL GROUNDS.

BUT FAST FORWARD TO 2006, THE U.S. SUPREME COURT HEARD A CASE THAT WAS ALMOST IDENTICAL TO THE ISSUES OF MY CASE. HOUSE V. BELL, U.S. SUP. CT. 2006. WAS A CASE ABOUT DEFENDANT CONVICTED OF A RAPE-MURDER. HE WAS CONVICTED IN 1986 AS WAS I. MY CASE IS ABOUT A MURDER, AND USE OF A FIREARM. IN THE PRINCIPAL OF THE CHARGED CRIMES. THERE IS NO SIMILARITY.

BUT HOUSE HAD FILED NUMEROUS HABEAS PETITIONS, AND WAS EVENTUALLY BARRED DUE TO THE (AEDPA) ACT.

HE TOOK HIS CASE TO THE U.S. SUP. CT. ON THE GROUNDS THAT THE JURY DIDN'T HEAR CERTAIN EVIDENCE THAT THE PROSECUTION HAD IN ITS POSSESSION THAT CAST DOUBT ON THEIR CASE.

III.

AND WAS IT A VIOLATION OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL IF THE STATE
REFUSED TO LET HIM PRESENT IT NOW. EVEN 20 YRS LATER.

THE SAID IT WAS A VIOLATION OF HIS RIGHTS TO A FAIR TRIAL AND DUE PROCESS.
AND AS LONG AS IT IS A CONSTITUTIONAL VIOLATION THE STATE COURTS, COULD ALLOW
THE PROCEDURAL DEFAULTS TO BE OVERLOOKED. AND THAT EVIDENCE KEPT FROM A
JURY IS INFACT NEWLY DISCOVERED EVIDENCE. AND THE JURY HAD THE RIGHT
TO HEAR ALL THE PEOPLES EVIDENCE NOT JUST WHAT THE PROSECUTION WANTS
THEM TO HEAR.

ALL THE ISSUES REGARDING PROCEDURAL BAR'S AND DEFAULTS ARE IDENTICAL TO
THOSE IN MINE. INCLUDING THE NEW EVIDENCE. AND BEING DENIED THE RIGHT
TO PRESENT IT.
IN A CASE  U.S. V. HILL, 48 F3d 228 (7TH CIRC. 1995). IT WAS STRESSED THAT
THE MORE RECENT A PRECEDENT, THE MORE AUTHORITIVE IT IS.

WHICH CLEARLY MEANS THAT JUDGE PAUL BERNAL RELIANCE ON PEOPLE V. CLARK
TO DENY MY WRIT IS UNSUPPORTED, IF MY ISSUES FALL WITHIN THE GUIDELINES
OF HOUSE V. BELL, SUPRA. THE COURT MUST SET ASIDE THE PROCEDURAL BAR'S AND
ALLOW IT TO PROCEED.

IN PEOPLE V. DUVALL ((1995). THE STATE SUPREME COURT DESCRIBED THE PROPER
GROUNDS NEEDED FOR A COURT TO ORDER AN (OSC) AND I HAVE MET THIS GUIDELINE.
MY ALLEGATIONS ALONE SHOULD OF BEEN ENOUGH FOR ANY COURT TO WANT TO
REVIEW THE CLAIMS. AND DECIDE THEN WHETHER TO HOLD AN EVIDENTIARY HEARING.

I KNOW THAT I DIDN'T HAVE THE EVIDENCE TO SUPPORT MY CLAIMS. BUT I DID
EXPLAIN WHO HAD THEM. AND WHY I COULDN'T ACCESS THEM. I NEEDED THE
COURTS ASSISTANCE OR THAT OF AN ATTORNEY.

BUT IN MY LAST WRIT FILED I PRESENTED LETTERS THAT I WROTE ASKING FOR THE
MATERIALS FROM THE DISTRICT ATTORNEY'S OFFICE AND THE POLICE DEPT.

AND THE RESPONSE OF THOSE AGENCIES. SEE THE ENCLOSED EXHIBITS. BY THERE DENIAL OF MY REQUEST. INFORMS THE COURTS THAT THEY HAVE THE MATERIALS IN THEIR POSSESSION AND ARE REFUSING TO TURN IT OVER TO ME.

SO WHAT MORE DOES A JUDGE NEED TO SEE THAT I HAVE A RIGHT TO SEEK RELIEF AND IF IM BEING PREVENTED FROM SEEKING RELIEF BY THE STATE OR ITS AGENTS, THEN THERE CAN BE NO DOUBT THAT THE COURT SHOULD STEP IN AND ASK WHY. AND IS THERE CONSTITUTIONAL VIOLATIONS THAT REQUIRE RELIEF.

FINALLY IM ENCLOSING A COPY OF A COMPLAINT THAT IM FILING WITH THE CALIF. BAR ASSOCIATION. THAT WILL GIVE YOU A MORE THOROUGH EXPLANATION ABOUT THIS CASE AND THE ISSUES INVOLVED. SEE THE ATTACHED.

I ALSO WOULD LIKE TO REMIND YOU THAT QUITE SOME TIME AGO I FILED A COMPLAINT WITH YOU REGARDING THE ISSUE OF OBTAINING MY EVIDENCE. AND YOUR OFFICE TOLD ME THAT YOU COULDNT HELP ME WITH THAT. BECAUSE YOU PRIMARILY INVESTIGATE COMPLAINTS ABOUT WHAT A JUDGE DID OR DIDNT DO. AND THIS COMPLAINT FALLS RIGHT INTO THAT CATEGORY, BECAUSE THE JUDGE PAUL BERNAL IS REQUIRED TO FOLLOW THE LETTER OF THE LAW. AND IS NOT DOING THIS. AND I BELIEVE IT'S BECAUSE PRISONERS PETITIONS ARE NOT TAKEN AS SERIOUS AS A PETITION WHICH IS FILED BY AN ATTORNEY. THE PRISONER HAS VERY LITTLE ACCESS TO THE RESOURCES THAT ATTORNEY'S DO, AND IN MOST CASES PRISONERS ARE AT A DISADVANTAGE BECAUSE THEY DON'T KNOW THE LAW AND THE UPDATED RULES AND CASES BEING RULED ON. WE GET EVERYTHING SEVERAL YEARS LATE. I JUST HAPPENED TO STUMBLE UPON THE HOUSE V. BELL CASE. AND HOLMES V. SOUTH CAROLINA. CASE WHICH THE U.S. SUP. CT RECENTLY DECIDED. BOTH CASES SET A NEW PRECEDENT. WHICH MUST BE FOLLOWED BECAUSE THEY ARE COMING FROM THE HIGHEST COURT IN THE LAND. THEY MAKE THE LAW. AND JUDGE PAUL BERNAL MUST FOLLOW IT.

JUDGE BERNAL IF you'll NOTICE IN his FIRST denial IN SEPTEMBER 2006. SAID THAT I didN'T HAVE ANY PROOF THAT MY ALLEGATIONS WERE SUPPORTED BY ANY DOCUMENTS. SEE EXHIBIT COURT ORDER.

WHICH WAS TRUE. BUT HE Should of HELD A HEARING TO GIVE ME THE OPPORTUNITY TO PRESENT IT. I EXPLAINED WHO HAD IT. IF I'd BEEN ASSIGNED AN ATTORNEY HE could of RETRIEVED IT. AND IT could of BEEN PRESENTED. SEE EXHIBIT-A HABEAS PETITION.

THEN IN THE OTHER denial BY JUDGE BERNAL OF APRIL 6TH 07. THIS TIME THERE WAS AMPLE EVIDENCE TO SHOW THAT THE EVIDENCE does EXIST AND IS BEING HELD BY THE DISTRICT ATTY. AND THE POLICE DEPT. AND THEY REFUSE TO TURN IT OVER TO ME.

SO HOW CAN I PRESENT IT, BUT THEN BERNAL CONDUCTS HIS OWN PRIVATE EVIDENTIARY HEARING, HE LOOKS AT ONE POLICE REPORT THAT THE POLICE AND D.A. HAVE doctored TO FIT THEIR THEORY OF EVENTS AND IS QUITE SATISFIED. IT'S ENOUGH TO DENY MY WRIT. SEE EXHIBIT-B COURT ORDERS.

BUT why didN'T HE ALSO PULL THE TAPES. SEE THE TAPES ARE WHAT I'M SAYING WAS KEPT FROM THE JURY. AND SOME POLICE REPORTS AS WELL. BUT MY ISSUE IS THE TAPES. THEY discredit THE PEOPLES CASE ENTIRELY. AND PROVE WITNESSES LIED UNDER OATH.

THE PROSECUTOR WHO TRIED MY CASE IS NOW A SUPERIOR COURT JUDGE HER SELF. SO IT doesN'T TAKE A GENIUS TO FIGURE OUT THAT MY CASE RESTS IN THE hands OF her ASSOCIATES, FRIENDS, ETC. AND THE LAW IS NOT BEING denied ITS COURSE BUT ALLOWED TO BE MIS INTERPRETED, AND ERRONEOUSLY APPLIED.

I declare UNDER PENALTY OF PERJURY THAT ABOVE IS TRUE AND CORRECT.

DATED: 4/15/07

RESPECTFULLY Submitted.
Pablo Pina

EXHIBIT- R

Name     PABLO PIÑA

Address     P.O. Box 7500

CRESCENT CITY, CALIF    95531

CDC or ID Number     D-28079

**FILED**

FEB 27 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of California, County of Santa Clara
by
**NICK RESZ**
Deputy

SANTA CLARA COUNTY SUPERIOR
COURT-BUILDING
*(Court)*

PABLO PIÑA
Petitioner
          vs.
R. HORELL (WARDEN)
Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No.     93070
*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS — READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

EXHIBIT-S

1

2

3

4

5

FILED

APR 0 6 2007

KIRI TORRE
Chief Executive Officer
BY _____ Superior Court of CA/County of Santa Clara
_____ DEPUTY

6

7

8

9

10

11

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

12

13

14

In re
    **PABLO PIÑA**,
On Habeas Corpus
_____

)
)
)
)
)

No.: 93070
ORDER

15

16

17    **PABLO PIÑA** has submitted a petition for a writ of habeas corpus in

18  which he raises multiple claims regarding the constitutionality of his

19  conviction including the claim that tape-recorded evidence not

20  presented at his trial proves his innocence.

21    Due to his multiple, prior writs, his newest petition for writ of

22  habeas corpus is procedurally barred and summarily denied. (*See In re*

23  *Clark* (1993) 5 Cal.4th 750; *In re Robbins* (1998) 18 Cal.4th 770; *In re*

24  *Swain* (1949) 34 Cal.2d 300; *People v. Duvall* (1995) 9 Cal.4th 464,

25  474.) Petitioner's claim that the police report indicates that the

26  audio taped interviews of his accomplices contain exculpatory evidence

27  is untrue based upon the police report summaries (see attached). In

28  fact, the police report indicates that multiple persons saw Petitioner

1

1  struggle with the victim before the shooting, and that Petitioner

2  carried and wielded the firearm prior to the shooting.

3      As a result, this Court need not address the merits of the current

4  petition.

5

6  DATED: ___6 Apr___, 2007

7                                           PAUL BERNAL
                                            JUDGE OF THE SUPERIOR COURT
8  cc:  Petitioner
       District Attorney
9       Research
       File

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-4



JUN 22 07

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re PABLO PINA, | H031618 |
| on Habeas Corpus. | (Santa Clara County Super. Ct. No. 93070) |

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Premo, Acting P.J., Elia, J., and Duffy, J., participated in this decision.)

Dated   JUN 2 2 2007                    PREMO, J.

_____ Acting P.J.

S152427

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re PABLO PINA on Habeas Corpus

---

The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780; *In re Clark* (1993) 5 Cal.4th 750; *In re Miller* (1941) 17 Cal.2d 734; *People* v. *Gonzalez* (1990) 51 Cal.3d 1179, 1256-1261.)

SUPREME COURT
**FILED**

SEP 1 2 2007

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
_____
Chief Justice

HOUSE V. BELL
APPENDIX – A

OCTOBER TERM, 2005    1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is
being done in connection with this case, at the time the opinion is issued.
The syllabus constitutes no part of the opinion of the Court but has been
prepared by the Reporter of Decisions for the convenience of the reader.
See *United States v. Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

### Syllabus

### HOUSE *v.* BELL, WARDEN

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR
THE SIXTH CIRCUIT

No. 04–8990.   Argued January 11, 2006—Decided June 12, 2006

A Tennessee jury convicted petitioner House of Carolyn Muncey's mur-
der and sentenced him to death. The State's case included evidence
that FBI testing showing semen consistent (or so it seemed) with
House's on Mrs. Muncey's clothing and small bloodstains consistent
with her blood but not House's on his jeans. In the sentencing phase,
the jury found, *inter alia,* the aggravating factor that the murder was
committed while House was committing, attempting to commit, or
fleeing from the commission of rape or kidnaping. In affirming, the
State Supreme Court described the evidence as circumstantial but
strong. House was denied state postconviction relief. Subsequently,
the Federal District Court denied habeas relief, deeming House's
claims procedurally defaulted and granting the State summary
judgment on most of his claims. It also found, after an evidentiary
hearing at which House attacked the blood and semen evidence and
presented other evidence, including a putative confession, suggesting
that Mr. Muncey committed the crime, that House did not fall within
the "actual innocence" exception to procedural default recognized in
*Schlup* v. *Delo,* 513 U. S. 298, and *Sawyer* v. *Whitley,* 505 U. S. 333.
The Sixth Circuit ultimately affirmed.

*Held:*

   1. Because House has made the stringent showing required by the
actual-innocence exception, his federal habeas action may proceed.
Pp. 16–34.

   (a) To implement the general principle that "comity and finality
'must yield to the imperative of correcting a fundamentally unjust in-
carceration,'" *Murray* v. *Carrier,* 477 U. S. 478, 495, this Court has
ruled that prisoners asserting innocence as a gateway to defaulted
claims must establish that, in light of new evidence, "it is more likely

than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup,* 513 U. S, at 327. Several features of *Schlup*'s standard bear emphasis here. First, while the gateway claim requires "new reliable evidence . . . not presented at trial," *id.,* at 324, the habeas court must assess the likely impact of "'all the evidence'" on reasonable jurors, *id.,* at 329. Second, rather than requiring absolute certainty about guilt or innocence, a petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt. Finally, this standard is "by no means equivalent to the standard of *Jackson* v. *Virginia,* 443 U. S. 307," which governs insufficient evidence claims, *id.,* at 330. Rather, because a *Schlup* claim involves evidence the trial jury did not have before it, the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record. See *ibid.* Contrary to the State's arguments, the standard of review in two provisions of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U. S. C. §§2244(b)(2)(B)(ii) and 2254(e)(2), is inapplicable here. In addition, because the standard does not address a "district court's independent judgment as to whether reasonable doubt exists," *Schlup, supra,* at 329, a ruling in House's favor does not require the showing of clear error as to the District Court's specific findings. It is with these principles in mind that the evidence developed in House's federal habeas proceedings should be evaluated. Pp. 16–20.

(b) In direct contradiction of evidence presented at trial, DNA testing has established that semen on Mrs. Muncey's clothing came from her husband, not House. While the State claims that the evidence is immaterial since neither sexual contact nor motive were elements of the offense at the guilt phase, this Court considers the new disclosure of central importance. This case is about who committed the crime, so motive is key, and the prosecution at the guilt phase referred to evidence at the scene suggesting that House committed, or attempted to commit, an indignity on Mrs. Muncey. Apart from proving motive, this was the only forensic evidence at the scene that would link House to the murder. Law and society demand accountability for a sexual offense, so the evidence was also likely a factor in persuading the jury not to let him go free. At sentencing, moreover, the jury concluded that the murder was committed in the course of a rape or kidnaping. A jury acting without the assumption that the semen could have come from House would have found it necessary to establish some different motive, or, if the same motive, an intent far more speculative. Pp. 20–22.

(c) The evidentiary disarray surrounding the other forensic evi-

Syllabus

dence, the bloodstains on House's pants, taken together with the tes-
timony of an Assistant Chief Medical Examiner for the State of Ten-
nessee, would prevent reasonable jurors from placing significant reli-
ance on the blood evidence. The medical examiner who testified
believes the blood on the jeans must have come from the autopsy
samples. In addition, a vial and a quarter of autopsy blood is unac-
counted for; the blood was transported to the FBI together with the
pants in conditions that could have caused the vials to spill; some
blood did spill at least once during the blood's journey from Tennes-
see authorities through FBI hands to a defense expert; the pants
were stored in a plastic bag bearing a large bloodstain and a label
from a Tennessee Bureau of Investigation agent; and the box contain-
ing the blood samples may have been opened before arriving at the
FBI lab. None of this evidence was presented to the trial jury.
Whereas the bloodstains seemed strong evidence of House's guilt at
trial, the record now raises substantial questions about the blood's
origin. Pp. 22–28.

   (d) In the post-trial proceedings, House presented troubling evi-
dence that Mr. Muncey could have been the murderer. Two wit-
nesses described a confession by Mr. Muncey; two others described
suspicious behavior (a fight between the couple and Mr. Muncey's at-
tempt to construct a false alibi) around the time of the crime; and
others described a history of spousal abuse. Considered in isolation,
a reasonable jury might well disregard this evidence, but in combina-
tion with the challenges to the blood evidence and lack of motive with
respect to House, evidence pointing to Mr. Muncey likely would rein-
force other doubts as to House's guilt. Pp. 28–33.

   (e) The Assistant Chief Medical Examiner further testified that
certain injuries discovered on House after the crime likely did not re-
sult from involvement in the murder. Certain other evidence—Mrs.
Muncey's daughter's recollection of the night of the murder, and the
District Court's finding at the habeas proceeding that House was not
a credible witness—may favor the State. Pp. 33–34.

   (f) While this is not a case of conclusive exoneration, and the is-
sue is close, this is the rare case where—had the jury heard all the
conflicting testimony—it is more likely than not that no reasonable
juror viewing the record as a whole would lack reasonable doubt. P.
34.

   2. House has not shown freestanding innocence that would render
his imprisonment and planned execution unconstitutional under
*Herrera* v. *Collins*, 506 U. S. 390, in which the Court assumed with-
out deciding that "in a capital case a truly persuasive demonstration
of 'actual innocence' made after trial would render the execution of a
defendant unconstitutional, and warrant federal habeas relief if there

4                              HOUSE *v.* BELL

were no state avenue open to process such a claim," *id.,* at 417. The
threshold showing for such a right would be extraordinarily high, and
House has not satisfied whatever burden a hypothetical freestanding
innocence claim would require. He has cast doubt on his guilt suffi-
cient to satisfy *Schlup*'s gateway standard for obtaining federal re-
view, but given the closeness of the *Schlup* question here, his show-
ing falls short of the threshold implied in *Herrera.* Pp. 34–36.

386 F. 3d 668, reversed and remanded.

KENNEDY, J., delivered the opinion of the Court, in which STEVENS,
SOUTER, GINSBURG, and BREYER, JJ., joined. ROBERTS. C. J., filed an
opinion concurring in the judgment in part and dissenting in part, in
which SCALIA and THOMAS, JJ., joined. ALITO, J., took no part in the
consideration or decision of the case.

APPENdix - B

## Declaration

I Pablo Piña D-28079, hereby declares;

1). That I am The Petitioner in This writ for Mandamus.

2). That I am incarcerated at Pelican Bay State Prison (SHU) in Crescent City, Calif 95531.

3). I've Been in segregation for nearly 24 yrs now, with limited access To law library.

4) I was convicted in 1986 for a 1984 murder out of Santa clara co. and Sentenced to life.

5). Since 1991 I've Been Trying To get The courts, my Trial attorney. and appellate attorney to turn over Taped interviews of the witnesses original statements To police.

6). This evidence was never Presented To The Jury, and was deliberately kept from Them By The prosecution, as well as Trial counsel.

7). Petitioner has a right To have all the evidence related to his arrest heard By The Jury, not Just The evidence The police and prosecution Wants Them To hear.

8). Petitioner has attempted To file habeas petitions requesting That The tapes Be Turned over So That he could use Them To support his allegations, But all efforts have resulted in denials.

9). Petitioner has made sufficient enough showings in his Petitions That normally would require the court to order a show cause. But the superior courts in Santa Clara County have refused to grant him one.

10). Petitioner has asked the courts to order a evidentiary hearing so They could look and listen to the tapes themselves and determine if They support The Petitioner's allegations. These requests have been denied.

11). Petitioner has in his latest Petition explained to the state courts that in a recent case the U.S. supreme court has ruled that a criminal defendant has a right to present all evidence related to his arrest. yet they continue to deny relief.

12). The State courts rely on State law that is over ruled by that of The U.S. supreme court. See Memorandum of law.

13). Their reliance also on the (AEDPA) act of 1996 is also over ruled by the U.S. supreme court's decision. which in Brief states that if there is new evidence that was never heard by the convicting jury. The procedural default must be set aside so that evidence can be heard. But yet They continue to deny relief.

14). Petitioner has requested from The prosecution and police dept. copies of the tapes and or how he can get copies and They have refused to turn them over or assist in any way.

      I declare under penalty of perjury that The following statements are true and correct

Dated: 10/21/07.

Respectfully Submitted.

Declarant
and Petitioner.