UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PABLO PINA,

    Petitioner,

    v.

CALIFORNIA STATE SUPREME COURT,

    Respondent.

    /

No. C 07-5675 SI (pr)

**ORDER OF DISMISSAL**

Pablo Pina was convicted of first degree murder and burglary in 1986 and apparently was sentenced to 38 years to life in prison. He alleges in his petition that there were taped interviews and interrogations of witnesses that the district attorney had that were excluded from the trial.[1] Apparently Pina believes those tapes have something that would be of value in his efforts to overturn his conviction. Since about 1991, he has made numerous requests and has filed numerous cases in state court to try to obtain the evidence. Most recently, he filed a petition for writ of habeas corpus "in the California Supreme Court asking that the court order the superior court to provide the tapes that were kept from the jury so that he could use this evidence to support his petition for a new trial. The California Supreme Court denied this request. . . . Petitioner now seeks relief by this court in the forum [sic] of writ of mandate." Petition, p. 2.

Federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for a writ

---

[1] This evidence was disclosed to the defense, but defense counsel long ago threw away his files, according to Pina.

of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. See Demos v. U.S. District Court, 925 F.2d 1160, 1161-62 (9th Cir. 1991); see also In re Campbell, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give petitioner access to certain trial transcripts which he sought in preparation for filing state post-conviction petition; federal court may not, as a general rule, issue mandamus to a state judicial officer to control or interfere with state court litigation).

Federal district courts also may not review the final determinations of a state court because they are courts of original jurisdiction. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts). The Rooker-Feldman doctrine essentially bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). Inasmuch as Pina clearly is trying to appeal the state court decision, this action must be dismissed for lack of subject matter jurisdiction. In short, Pina cannot appeal from a California Supreme Court judgment by filing a new action in the federal district court.

A federal district court does have jurisdiction to entertain a petition for writ of habeas corpus from a prisoner after he has failed to obtain relief from a state court. See 28 U.S.C. § 2254. Assuming arguendo that Pina wants to challenge his state court conviction, the problem for Pina is that a federal district court generally can entertain only one habeas petition per conviction, and Pina has already filed that one petition. His earlier federal habeas petition challenging the 1986 conviction, Pina v. McGrath, C 04-2251 SI (pr), was dismissed as untimely and judgment entered on August 9, 2005. This court and the Ninth Circuit denied certificates of appealability, thereby ending that case in 2005. A second or successive petition for writ of habeas corpus may not be filed in this court unless the petitioner first obtains from the United

States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). This court cannot entertain a new petition for writ of habeas corpus from Pina until he first obtains permission from the Court of Appeals for the Ninth Circuit to file such a petition.[2]

Finally, the court notes that, although cloaked in a challenge to a state court judgment, what Pina is actually trying to do is to obtain evidence. The Ninth Circuit has ruled a civil rights action under 42 U.S.C. § 1983 action is not an inappropriate vehicle to try to do that, at least in the context of obtaining DNA testing on evidence used at trial. See Osborne v. District Attorney's Office For The Third Judicial District, 423 F.3d 1050 (2005). However, Osborne only tackled the threshold procedural question of what kind of action could be brought and left undecided whether there exists a constitutional right of post-conviction access to DNA evidence. See id. at 1056. That is a rather large unanswered question, because one of the elements of a § 1983 action is that state officials have violated a right protected under the Constitution, laws or treaties of the United States. If Pina was to file a § 1983 action, he would have to allege the violation of such a right. The current action is not a § 1983 action and will not be construed to be one; the dismissal of this action will, however, be without prejudice to Pina filing a § 1983 action. In addition to identifying a constitutional right that has been violated, Pina has the additional likely problems of a statute of limitations bar, as well as issue or claim preclusion based on the fact that he has already litigated and lost in state court. The court does not decide any of these issues, but simply notes their existence so as not to mislead Pina to believe that he will prevail if he files a § 1983 complaint.

---

[2] If Pina wants to attempt to obtain the necessary order from the Ninth Circuit, he should very clearly mark the first page of his document as a "MOTION FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)" rather than labeling it as a habeas petition because the Ninth Circuit clerk's office is apt to simply forward to this court any document labeled as a habeas petition. He also should mail the motion to the Ninth Circuit (at 95 Seventh Street, San Francisco, CA 94103), rather than to this court. In his motion to the Ninth Circuit, he should explain how he meets the requirements of 28 U.S.C. § 2244(b).

1    This action is DISMISSED for lack of jurisdiction.  The dismissal is without prejudice
2 to Pina filing a petition for writ of habeas corpus if he ever obtains permission and without
3 prejudice to him filing an action under 42 U.S.C. § 1983.
4    The clerk shall close the file.
5    IT IS SO ORDERED.
6 Dated: March 7, 2008

_____
SUSAN ILLSTON
United States District Judge